RECEIVED

OCT 1 6 2015

CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF IOWA

Calvin Hammock
5106 Brown Street
Davenport, Iowa  52806

> Plaintiff/ Petitioner

Pro se                    Docket No _____

**COMPLAINT**

**with Jury Demand**

vs.

NASA Headquarters
Charles Bolden Administrator
300 E. Street SW.
Washington D.C. 20024-3210

Department of Defense
Secretary of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000

Space Exploration Technologies  Space X
1 Rocket Road
Hawthorne, California 90250


Apple
1 Infinite Loop
Cupertino, California 95014

Blackberry (Curve) Corporation
6700 Koll Center Parkway #200
Pleasanton, California 94566


Virgin Mobile
Sprint Legal Department
6480 Sprint Parkway
Overland Park, KS 66251

Mediacom WiFi
One Mediacom Way
Mediacom Park, New York 10918

American Water Iowa
1025 Laurel Oak Road
Vorhees, NJ 08043

Any Yet un-Identified Entities,

2.

Any Yet un-Identified Entities,
Persons, Satellites, Govt.Agencies,
Govt. Technologies,Inter Agencies,
Fusion Center Participant Partners
Corporations, Companies, Software used
by and with State Actors and Temporary
State Actors

                    Defendant / Respondents

## I.   NATURE OF PROCEEDING

This is a civil rights action brought under 42 U.S.C. § 1983,  42 U.S.C. § 1985 against Defendant NASA and Partner SPACE X   for violating  Federal Civil Rights Statute 18 U.S.C. § 241,  18 U.S.C. § 242,  Federal Torture Statute 18 U.S.C. § § 2340, 2340 (a), and Federal Assault Statute  18 USC § 113.

Defendant NASA is a  state actor acting under color of law and has a partnership with Space X by agreements, and or  user program usage,  that gross negligently allowed Plaintiff to be assaulted by a signal in the form of maser, laser, frequency, or other through Plaintiffs APPLE MAC BOOK PRO as well as surrounding wireless Products and wifi frequencies of Defendants that caused Plaintiff Pain and Injury during the NASA, Space X Falcon Engine Liftoff to Plaintiffs cerebellum. The security agreements using signal frequency data technology  in the form of masers, lasers and other heterodyned technology, including artificial intelligence programs caused Plaintiff to suffer injuries of sleep deprivation, sharp pains to different parts of the body which Breach the duty of care Defendants owed Plaintiff in their technological activities to launch spacecraft.  Defendant

4

Apple owed Plaintiff a duty of care and breached that duty of care by allowing technology that caused Apple devices and other Defendant technologies to manipulate Plaintiffs nervous system and thought processes whether at a wakened state or unawakened state. The above state actor and temporary state actor partnership agreement deprived Plaintiff of a protected liberty interest to be free from shocks to the brain and body through Apple devices, cellphone devices and Wifi Networks  sent out thorough Nasa and Space X signals to raise spacecraft, that gross negligently allowed Plaintiffs nervous system to be manipulated by pains and shocks and later microwave voices. Defendants state actor and non state actors owed Plaintiff a duty of care not to have his nervous system manipulated using patented technology  such as Patents 6506148 Nervous System Manipulation By Electromagnetic Fields from Monitors ( see Exhibit 2). Defendants Breached that duty of care by allowing their products  to be able to deliver pain, voice, and maser signal shocks to Plaintiff during an activity by those acting under color of law with a private partner who becomes a temporary actor under color of law through said partnership.  ( See Exhibit 8 ).

Plaintiff suffered injury from these actions by the Defendants. These injuries are the results of Defendants breach of duty as Plaintiff has a

substantive liberty interest from such cruel and unusual acts without procedural and substantive due process of law.

This civil rights action is brought under 42 USC § 1985, 42 USC § 1983, 28 USC § 1343, to vindicate Plaintiff/ Petitioner right to Equal Protection of the Laws *jus soli* as stated in the Fourteenth Amendment to the United States Constitution and Iowa Constitution Article 1 § 6 and hold accountable Defendants acting under color of law and temporary color of law and those Defendants not acting under color of law but become partners by proxy using modern day 21st century technology that intertwines these signals to commercial products and gross negligence defendants for violating Plaintiff liberty interest from experimentation and torture using signal frequency related technology sent by those acting under color of law through Defendant products. Plaintiff has a right to be free from Torture and Assaults from those acting under color of law creating a substantive constitutional deprivation of Plaintiffs liberty interest.

This civil rights action is to vindicate Plaintiff/Petitioner right to be free from cruel and unusual punishment as stated in the Eight Amendment to the United States Constitution and Iowa Constitution Article 1 § 6. This civil rights action is to vindicate Plaintiff / Petitioner right to be free from

6

illegal search and seizure as stated in the Fourth Amendment to the United States Constitution and Iowa Constitution Article 1 § 8 from any brain mapping technology that has caused plaintiff harm running AI frequency microwave programs that monitor Plaintiff brainwaves before, during, and after signal stimuli shock in taking images and placing images bypassing Plaintiffs eyes to Plaintiffs Visual Cortex.  Defendant state actor, temporary state actor have a duty to not subject Plaintiff to these cruel and unusual painful experimentations that leave Plaintiff with no procedural substantive due process of law.

The Plaintiff /Petitioner seeks relief in the form of punitive damages, compensatory damages, nominal damages, related to the NASA contract awarded to Space X as stated in the Inspector Generals June 13, 2013 Audit Report  No.  IG-13-016 ( Assignment No. A -12-024-00)  ( see Exhibit 8) for the milestone payment of the May 22, 2012 launch and flight.  Plaintiff has stated on the Claim the Amount to be 100,000,000  dollars being in the proximity of the mile stone payment at Plaintiff's first beginning of Plaintiffs continual signal related injuries.  Plaintiff / Petitioner also seeks relief in the form of recovering and retaining all documentation and related data of signal, frequency, microwave, report,  programs, that were used to

injure Plaintiff and possibly digitize Plaintiff in the form of a signal

frequency related digital clone world simulation program, whether used for

artificial intelligence, pre-crime,  govt. acquaint programs as used by NSA

and or other signal intelligence agency state actor and temporary state actor

relationships. Whether  by contract, agreement, and or transfer

transactions, Plaintiff seeks relief to have access to all information that was

generated against Plaintiff true or false from govt. agencies, fusion center

participants, corporations, govt. partnerships through the use of security

agreements, as well as the names of all participants and or programs used

to injure Plaintiff with these technologies  in the form of masers, lasers,

microwave voice to skull, radiated intelligence used to copy, defraud, place

imagery, induce harm to plaintiff using said technology and unnaturally

alter plaintiff's state of consciousness, subconsciousness, biology,  including

Plaintiffs natural emf field. Plaintiffs seeks this relief from the above related

defendants as the first defendants NASA, SPACE X, are the state actor and

temporary state actor Defendants whose Partnership Liftoff technology

relayed through Apple Mac Book pro ( and other frequency devices) caused

Plaintiff /Petitioners cerebellum to vibrate unnaturally and began the

continual injuries Plaintiff suffers from. Plaintiff seeks relief in the Form of

of compensatory damages from Apple Mac Book Pro as well as admitting

their Laptops are grossly and negligently defective and able to allow a persons nervous system to be manipulated and the signal microwave frequency or other frequency signal to be sent from  state actor, temporary state actor partnership NASA, SPACE X or other relayed either by heterodyne or other signal related methods to make contact to Plaintiff cerebellum through their Apple products.  Plaintiff seeks the same from other said defendants as well as admissions from said defendants that their products gross negligently allowed Plaintiff to be injured by frequency, wifi, smart meters, monitors, cellular signals, satellite technologies and other technologies Plaintiff has yet to identify until discovery process.  Plaintiff seeks relief in form of documentation of the name of  all persons and positions of those persons using said technology against Plaintiff, the name of said Department of Defense related technology or other intelligence agency foreign and or domestic technology. And/ Or  programs that were and are used, with  time and dates of all attacks that are listed in any documentation having to do with Plaintiff  even if parts of documents  have to have redactions for National Security reasons that have nothing to do with Federal Civil Rights Statute violations, Federal Torture Statute violations and Federal Assault Statute violations.

## II. JURISDICTION OF VENUE

Jurisdiction of this matter is predicated on Title 28 U.S.C. § § 1346 (b)
2401 (b), 28 U.S.C. § 2671, 28 USC § 2680 (h), 28 U.S.C. § 2674, 28
U.S.C. § 2675 (a), and 28 U.S.C. § 1331 which provide original jurisdiction
in Federal District Court as Plaintiff/ Petitioner filed a Federal Form 95
claim with NASA to Nasa Administrator Charles Bolden and To
Department of Defense then Defense Secretary Chuck Hagel, and received
Express Mail proof of signature receipts. Also sent copy of claim to
Homeland Security, NSA, NASA Goddard Space Center Office of Chief
Counsel.

This Court has statutory authority pursuant to title 28 U.S.C. § 95, 28
U.S.C. § 1391 (a) (2) to process and hear Plaintiff's complaint. This court
has authority under 42 U.S.C. § 1988 to award attorney fees to civil rights
Plaintiff / Petitioner for a successful filed complaint.

10.

## III.  PARTIES

1.   Plaintiff/ Petitioner Calvin Hammock hereinafter referred to as Plaintiff is a natural born citizen of the state of Illinois, now residing in the State of Iowa, county of Scott, city of Davenport. Plaintiff was and is a resident of the state of Iowa on May 22, 2012 then living at the address 1911 Valley Drive, Davenport Iowa 52806 during the NASA, Space X Dragon Falcon Engine liftoff where Plaintiffs injuries first commenced and has been ongoing in variation even to Plaintiff's current address 5106 Brown Street, Davenport, Iowa 52806.

2.   Defendant NASA is a State Actor and was Created by the United States Congress and The President of The United States on October 1, 1958. Defendant State Actor NASA was and is engaged in a Partnership With Temporary State Actor Space X technologies as mentioned in the United States Inspector Generals Audit Report dated June 13, 2013 Report No. IG -13-016 ( assignment No. A-12-024-00 ) as stated on page 23 paragraph 5 and 6 identifying that NASA has worked with its commercial partners to

\| \\

develop commercial capabilities to transport cargo to low Earth orbit. This Partnership was in effect on May 22, 2012 during the NASA Space X Dragon Falcon Engine Liftoff. Defendant NASA Headquarters address is 300 E. Street SW. Washington D.C. 20024-3210

3. Defendant Space X was and is in a more than just contractual relationship with NASA and is in fact in a Partnership relationship with NASA as on May 22, 2012 during the NASA Space X Dragon Falcon Engine Liftoff and in a constant working relationship involved with the day to day activities of maintaining software, implementing technology and engaging software to achieve objectives for both NASA and Space X where Plaintiff began to receive signal frequency related injuries and has been continual since May 22, 2012. Defendant Space X address is 1 Rocket Road, Hawthorne California 90250.

4. Defendant Department of Defense address is 1000 Defense Pentagon Washington, D.C. 20301-1000

5.    Defendant Apples address is 1 Infinite Loop, Cupertino, California 95014

6.  Defendant Blackberry Curve Corporation address is 6700 Koll Center Parkway # 200, Pleasanton, California 94566

7.    Defendant Virgin Mobile (cellular network) address is, Sprint Legal Department, 6480 Sprint Parkway, Overland Park, Kansas 66251

8.  Defendant Mediacom (wifi services ) address is One Mediacom Way, Mediacom Park, New York 10918

9.  Defendant American Water Iowa (smartmeter signals) address is 1025 Laurel Oak Road, Vorhees, NJ 08043

10. Any Yet identified Entities, Persons, Satellites, Govt Agencies, Manufactuers of Govt technologies, inter agencies, fusion center partcipants, corporations, companies, softwares foreign governments, used by and with state actors and temporary state actors

## IV. STATEMENT OF FACTS

11.   On May 22nd 2012,  19 Days after Plaintiff mailed a civil rights complaint with accompanied documentation of local police and prosecutor using the State Judiciary to violate Plaintiffs Constitutional Rights *jus soli* to the United States Justice Department Plaintiff's residence was at 1911 Valley Drive in the  city of Davenport, county of Scott, state of Iowa.

12. On May 22nd 2012 Plaintiff was in the basement of his home watching the NASA Space X Falcon Engine Dragon liftoff on his Apple Mac Book Pro laptop right next to Plaintiffs leg, on Mediacom wifi network (at Plaintiffs 1911 Valley Drive address) while Plaintiff's Blackberry Curve cellphone was on using the Virgin Mobile wireless network less than 12 inches from Plaintiff, with an Iowa American Water smartmeter wireless network on ( approximately 20 feet away in the next room). See Patented Technology Exhibits( Exhibits 1, and 2). It must be noted these patented technologies are not classified although their use may be/ But the Court is reminded that the U.S. military mandate is to be 40 years ahead of what the general public can know.

13. During this liftoff Plaintiff felt the back of his cerebellum vibrate for 15 - 25 seconds as a pain sensation that Plaintiff has not felt since that exact pain sensation although there have been similar frequency sensations dealing with Plaintiffs head.

14. Since the injury of that vibration to Plaintiff's cerebellum Plaintiff has felt pain shocks to the body in the areas of anus, testicles, side of ribcage, heart vibrations, chest, and head as some form of microwave maser harassment and targeting by Directed Energy Weapons. ( See Exhibits 1, 2 and 3)

15.  Plaintiffs subsequent pains and shocks seem to occur much more intense when Plaintiff is using the Apple Mac Book Pro or cellphone, but not solely just on these devices.

16. Plaintiff has also been subjected to microwave voice to skull hearing that occurred the most when Plaintiff was engaging in legal research, legal writings and  responses to the Civil Rights complaint known as HAMMOCK v. JENSEN (that ultimately went to The United States Supreme Court).

15

Also these microwave harassment voices would occur after Plaintiff would make comments on social media.

17. During the case of HAMMOCK v JENSEN, Plaintiff also had a small T-shirt company Plaintiff Trademarked known as IMIT B. The company has since been closed as Plaintiff was being incapacitated to run this company cause of the technology that would deliver shock signals to different parts of Plaintiff's Body.

18. On September 7, 2012 while watching the Democratic Convention Plaintiff was hit with some type of Directed Energy beam. Plaintiff did not know what it was at the time but it caused extreme pain and discomfort.

19. Plaintiff has experienced directed energy shocks to the body it seems right when Plaintiff was trying to get rest seemingly to try and keep Plaintiff deprived of sleep while in the residence of 1911 Valley Drive in the city of Davenport, county of Scott, state of Iowa.

20.  On Nov 3, 2012 while in Des Moines Iowa attending a rally for the re-
election of President Obama Plaintiff had the same Blackberry Curve cell

phone on  and felt a similar yet different radiated pulse hit the top of

Plaintiffs skull cranium and seem to pull an elongated energy stream from

Plaintiffs skull ( something Plaintiff has never felt before or sense). Plaintiff

instinctively felt it had something to do with the phone and Plaintiff

immediately pulled the battery out of the cell phone and the radiated pulse

diminished and whatever energy it seem to try and  pull out of Plaintiffs

skull went back into Plaintiff.  Upon research and discovery of this

technology as well as the NSA SNOWDEN debacle Plaintiff has found there

is a new phenomenon taking place globally using 21st century weaponry to

silence dissident and sabotage competitors and  are being done using

directed energy weapons and maser microwaves lasers etc.  Security

Agreements are allowing other nations to use data collection techniques

with signals and frequencies to gather real time intelligence which in fact

can be weaponized in an instant and used to incapacitate a target by stealth

as part of the tools being used by the military industrial complex.


21.  Plaintiff complained to the Presidential Bio Ethics committee in a letter

dated July 7, 2013 to Commissioner Chair Gutmann and the return receipt

17

card to Plaintiff was signed on August, 2, 2013 but Plaintiff has yet to receive a response from Commissioner Chair Gutmann. ( see Exhibit 4, and 5).

22. Plaintiff spent a lot of time meditating in the basement room where Plaintiff received the cerebellum injury during the NASA Space X liftoff and right above this room was Plaintiffs step daughters room  Onecea Moore, whom was temporarily diagnosed (right before Plaintiff sent the Federal Claim Form 95 to NASA and Department of Defense in February of 2014), with some type of Lupus Symptoms  whom the Iowa University Staff had never seen before.  Plaintiff has yet to find the data to determine if in fact her symptoms are related to radiated, microwave,  magnetic field signal intelligence signals that were aimed at Plaintiff using human target tracking technology. ( see Exhibit 6 Claim sent to NASA Administrator Charles Bolden and then Secretary of Defense Chuck Hagel  with receipt acceptance signatures from the address for both agencies).

23.  Plaintiff has suffered daily since the NASA Space X liftoff by microwave voices that may be part of some artificial intelligence program and or real

time person subjecting Plaintiff to harassment and even forced images when Plaintiffs brain hz frequency is at rest.

24. Plaintiff did not know what was happening to him for quite sometime and was psychological traumatized not knowing how to fight an enemy he cannot see but who has the ability to harm and harass plaintiff causing Plaintiff torture and injury as a form of controlling Plaintiff and interfering with Plaintiffs right to petition the govt for redress of factual grievances.

25. Space Preservation Act of 2001 by Congressmen Dennis Kucinich in Section 7 at Definitions  describes in part at (2)(A) (i), (III) directing a source of energy (including molecular or atomic energy, subatomic particle beams, electromagnetic radiation, plasma, or extremely low frequency (ELF) or ultra low frequency (ULF) energy radiation) against that object; or"   as well as (2)(A)(ii), (II) through the use of land-based, sea-based, or space-based systems using radiation, electromagnetic, psychotronic, sonic, laser, or other energies directed at individual persons or targeted populations for the purpose of information war, mood management, or mind control of such persons or populations; or. The bill was not passed

but obviously it speaks to his understanding then of technology that might be used under the States Secret Doctrine. However violations of Federal Statute regarding harm, harassment, torture and sabotage are not allowed under the State Secrets Doctrine. Plaintiff has a right to redress the government for grievances involving psychological and physiological torture using classified and non classified technology.

26. Plaintiff also reminds the Court that Donald Rumsfeld and General Meyers were asked by a reporter during the Bush Administration in a Pentagon Press Briefing about Directed Energy and High Powered Microwaves. Both Rumsfeld and Myers acknowledged these weapons and referenced to the reporter that these are new things and developmental stage military capabilities they are putting into the fight.

27. Plaintiff sent a copy of Exhibits 4, 5, and 6 to The National Security Agency Office of Inspector General, Office of Chief Counsel of NASA at the Glenn Research Center, and Homeland Security Compliance Branch. Out of the 3 only the Department of Homeland Security responded stating they have determined CRCL ( Civil Rights and Civil Liberties) does not have jurisdiction over Plaintiffs concerns ( See Exhibit 7). (See attached Exhibit

20

7a as the total documentation sent to Homeland Security, NASA  Glenn Research Center and NSA on May 1, 2014).

28.  Plaintiff has now moved to 5106 Brown Street in the city of Davenport, county of Scott, and state of Iowa and although Plaintiff still receives microwave harassments and shocks, the severity level has diminished and the pain is not as intense as when Plaintiff had the case Hammock v Jensen in court.

29. Plaintiff fears the pain levels will increase now that Plaintiff is once again attempting to redress grievances through the United States Federal Courts.

30. Plaintiffs Claim 95 form was in Limbo since its filing and recent U.S. Supreme Court rulings state a person has only 6 months to prosecute a claim even if the claim is not responded to so Plaintiff has almost reached the 6 month threshold of their ruling on April 22, 2015 in U.S. v June and U.S. v Wong.  Plaintiff is filing this Federal complaint in Federal District Court on October 16, 2015 within the 6 month time limit of recent ruling.

## V.  CLAIMS

31.  Defendant NASA and their Partner Space X  have an obligation to not
have sent pain signals to Plaintiff during their  NASA and Space X Falcon
Engine Space craft liftoff.  This obligation is mandated by Federal Torture
Statute and Federal Civil Rights Statute for Defendant Nasa and Nasa
temporary state actor partner Space X. Defendants were grossly negligent
in allowing these pain signals, vibration signals to occur at exact moments
and seconds of  Defendant spacecraft liftoff. This act is cruel and unusual in
violation of the Eight Amendment subjecting Plaintiff to signal related
attacks and or experiments that caused Plaintiff pain and injury, depriving
Plaintiff of a liberty interest to be free from such without procedural
substantive due process of law, as also stated in the Fourteenth
Amendment Equal Protection Clause.

32.  Defendants Apple Mac Book Pro owed Plaintiff a duty of care to not
have their products allow signals to be sent through that targeted Plaintiffs
cerebellum causing vibratory pain,  and microwave voice harassment  by

frequency signal as shown by technology and or related technology see

unclassified Patent 6506148, Unclassified Patent 6011991 ( see Exhibit 2).

( Exhibit 1).  Defendant Apple breached that duty of care by allowing their

Apple Mac Book Pro to receive a signal and or signals heterodyned or

otherwise  and be allowed to send signal shock through their product to

vibrate Plaintiffs cerebellum while watching the NASA Space X partner

Falcon Engine Liftoff. Plaintiff suffered shock vibratory pain by those acting

under color of law with a commercial partner. These injuries were the

results of Defendants partnership liftoff and the signals sent through to

Plaintiff on Apples Mac Book Pro Monitor and through other Defendant

devices and networks.


33. Plaintiffs  Blackberry and Virgin Mobile cellular network, Iowa

American Water smart meter owed to Plaintiff a duty of care to not allow

their products to be used to manipulate Plaintiffs nervous system and send

pain vibration signals and frequencies through magnetic fields generated by

these products to Plaintiffs cerebellum during a NASA Space X partnership

spacecraft liftoff.  Defendants breached that duty of care.


23

34. Defendants owed to Plaintiff a duty of care not to send microwave voices and shocks to Plaintiff since the NASA Space X Falcon Engine Liftoff that harasses Plaintiff continually to the present. The intensities have lessened since Hammock v Jensen was ruled in finality by the U.S. Supreme Court but still present daily mostly just voices when Plaintiff is next to Plaintiffs Mac Book Pro or next to Plaintiff's cellular phone, although not limited to those devices alone.  Plaintiffs continual injuries are a result of Defendants NASA and Space X breach of duty that link Plaintiff by signals to liftoff spacecraft without the written consent of plaintiff.  These activities are cruel and unusual and have caused Plaintiff sleep deprivation as well as many shocks delivered to various stated parts of Plaintiffs mind and body. These actions by those acting under color of law deprive Plaintiff of liberty to be free from such assaults tortures and pains without procedural and substantive due process of law.

## VI.  RELIEF SOUGHT

WHEREFORE Plaintiff prays for :

A.      Relief in the form of punitive damages, compensatory damages, nominal damages, related to the Nasa contract awarded to Space X as stated in the Inspector Generals June 13, 2013 Audit Report No. IG-13-016 ( Assignment No. A-12-024-00 ) ( see Exhibit 8 ) for the milestone payment of the May 22, 2012 launch and flight where Plaintiff received injury. Plaintiff has stated on the Federal Claim Form 95 the Amount to be 100,000,000 dollars being in the proximity to the milestone payment where Plaintiff's  continual signal related injuries begun.

B.        Plaintiff seeks  relief in the form of an injunction to prevent defendants from using signal related technology against Plaintiff now and in the future.

C. Plaintiff seeks relief in the form of recovering all data and documentation generated and related to Plaintiffs signal, maser, and microwave experimentations and experiences ( i.e. reports, graphs,

25

programs, including but not limited to data systems such as acquaint, pre crime, artificial intelligence programs and other signal related documentation that identifying the state actors and non state actors in plaintiffs injuries.

D.  Plaintiff seeks relief to have access to all information generated against Plaintiff true or false that was gathered by state actors and those partnered with state actors including name of programs, sentient world simulation clone programs, as well as fusion center groups that electronically harassed Plaintiff from the date of Plaintiffs first documented injury to present.

E.  Plaintiff seeks damages from Apple Corporation in the amount comparable to the amount that Nasa paid Space X in a milestone payment where Plaintiff received injury to Plaintiffs cerebellum during the liftoff as their product allowed Plaintiffs nervous system to be manipulated by frequency and signals as shown in Patent 6506148 (Exhibit 2).

F.   Plaintiff seeks damages from Blackberry curve and Virgin Mobile Network as their Product allowed plaintiffs nervous system to be hit a directed energy beam and an elongated stream of natural energy was pulled from the top of Plaintiff's cranium until Plaintiff took battery out

26

of Blackberry phone operating on a Virgin Mobile network  when  the natural field stream is was returned to Plaintiff as the directed energy beam dissipated.

G. Plaintiff seeks damages from Iowa American Water for constantly having a wifi smartmeter monitor in Plaintiffs dwelling at that time where Plaintiff could not turn such continual wifi network of the smartmeter off and Plaintiff believes the smart meter contributed to the assaultive shocks and microwave voice to skull through third party intervention which whom targeted Plaintiff.   Iowa American Water should have known their smartmeter network was being manipulated by possible third parties to deliver shocks to Plaintiff. Plaintiff seeks those damages consistent with damages of those whom have used methods of torture on a victim and having it adjudicated in Federal Court.

H. Plaintiff seeks damages from Mediacom as mediacoms wifi network was able to be used to heterodyne signals and frequencies directed to plaintiff causing Plaintiff severe psychological and biological injury shocks to the body on a continuous basis.

I. Plaintiff seeks damages from the Defense Department for using highly classified technology or partnerships with other govts to use technology

that are data gathering tool that have the ability to be weaponized either by heterodyning signals together, maser, or any yet undetermined and classified nature of these technologies that have caused Plaintiff injury. Plaintiff seeks damages consistent with the Damages of other victims of continuous torture.

J.  Plaintiff seeks damages from SPACE X Technologies in the amount of the milestone payment for the success of the May 22, 2012 flight where Plaintiff received injury and has experienced repeated shocks, pains and microwave voice harassments since Dragons May 22, 2012 successful launch.

K.  Judgement against Plaintiff awarding Plaintiff reasonable attorney fees, litigation expenses and the cost of this action as provided by 42 U.S.C. § 1988 and any other applicable authority

## VII   DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a jury trial.

28

I Calvin Hammock state that I am the Plaintiff in this action and I swear under the penalty of perjury that I believe and have experienced the aforementioned events described in this complaint to be true to the best of my knowledge.

Calvin Hammock

5106 Brown Street

Davenport, Iowa 52806

Subscribed and sworn before me

this __16__ th of October 2015    personally appeared Calvin Hammock

alyxadr O'Havun

State of Town
County of Scott



ALEXANDER O'HAVER
Commission Number 768786
My Commission Expires
7-13-17

29.