IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| CALVIN HAMMOCK,<br><br>　　Plaintiff,<br><br>v.<br><br>NASA HEADQUARTERS, CHARLES BOLDEN ADMINISTRATOR; DEPARTMENT OF DEFENSE, SECRETARY OF DEFENSE; SPACE EXPLORATION TECHNOLOGIES SPACE X; APPLE; BLACKBERRY (CURVE) CORPORATION; VIRGIN MOBILE; MEDIACOM WIFI; AMERICAN WATER IOWA; ANY YET UN-IDENTIFIED ENTITIES, PERSONS, SATELLITES, GOVT. AGENCIES, GOVT. TECHNOLOGIES, INTER AGENCIES, FUSION CENTER PARTICIPANT PARTNERS CORPORATIONS, COMPANIES, SOFTWARE USED BY AND WITH STATE ACTORS AND TEMPORARY STATE ACTORS,<br><br>　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:15-cv-111-CRW-CFB<br><br><br><br><br><br><br><br><br><br>**DEFENDANT VIRGIN MOBILE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH JURY DEMAND** |

### Preliminary Statement

On October 16, 2015, Plaintiff Calvin Hammock filed a Complaint with Jury Demand against Defendant Virgin Mobile and others, alleging Virgin Mobile and other Defendants violated their "duty of care to not allow their products to be used to manipulate Plaintiffs [sic] nervous system and send pain vibration signals and frequencies through magnetic fields generated by these products to Plaintiffs [sic] cerebellum during a NASA Space X partnership spacecraft liftoff." Because Plaintiff's Complaint not only fails to set forth enough facts to state a claim for relief that is plausible on its face, but also contains "fantastical, delusional, irrational

and frivolous allegations," Virgin Mobile moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Brodzki v. Fox Broad.*, 2012 WL 125272, at *2 (D. Del. Jan. 13, 2012).

## **Factual Background**

Plaintiff's Complaint appears to allege negligence, although it certainly is less than a model of clarity. Ostensibly to support his claim against Virgin Mobile, Plaintiff makes the following allegations:

- On May 22nd 2012 Plaintiff was in the basement of his home watching the NASA Space X Falcon Engine Dragon liftoff on his Apple Mac Book Pro laptop right next to Plaintiffs [sic] leg, on Mediacom wifi network (at Plaintiffs [sic] 1911 Valley Drive address) while Plaintiff's Blackberry Curve cellphone was on using the Virgin Mobile wireless network less than 12 inches from Plaintiff, with an Iowa American Water smartmeter wireless network on (approximately 20 feet away in the next room). Complaint at ¶ 12.

- During this liftoff Plaintiff felt the back of his cerebellum vibrate for 15-25 seconds as a pain sensation that Plaintiff has not felt since that exact pain sensation although there have been similar frequency sensations dealing with Plaintiffs [sic] head. Complaint at ¶ 13.

- Plaintiffs [sic] Blackberry and Virgin Mobile cellular network, Iowa American Water smart meter owed to Plaintiff a duty of care to not allow their products to be used to manipulate Plaintiffs [sic] nervous system and send pain vibration signals and frequencies through magnetic fields generated by these products to Plaintiffs [sic] cerebellum during a NASA Space X partnership spacecraft liftoff. Defendants breached that duty of care. Complaint at ¶ 33.

- Plaintiff seeks damages from Blackberry curve and Virgin Mobile Network as their Product allowed plaintiffs [sic] nervous system to be hit a directed energy beam and an elongated stream of natural energy was pulled from the top of Plaintiff's cranium until Plaintiff took battery out of Blackberry phone operating on a Virgin Mobile network when the natural field stream is was returned to Plaintiff as the directed energy beam dissipated. Complaint at 26-27, ¶ F.

The facts alleged in Plaintiff's Complaint are insufficient to show Plaintiff has a plausible claim for relief against Defendant Virgin Mobile. Accordingly, Plaintiff's Complaint should be dismissed.

## Argument

I. **Plaintiff's Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.**

A court may grant a motion for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) where the plaintiff's complaint fails to include enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *Ewing v. Federal Home Loan Bank of Des Moines*, 645 F. Supp. 2d 707, 710 (S.D. Iowa 2009). Stated another way, the "factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Ewing*, 645 F. Supp. 2d at 710 (citing *Twombly*, 550 U.S. at 555). In ruling on a motion to dismiss for failure to state a claim, a court is required to accept as true all factual allegations in the complaint. *Id.* (citing *Twombly*, 550 U.S. at 555-56). However, "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Here, because Plaintiff's Complaint lacks any factual allegations supporting his claims against Virgin Mobile and his allegations are so outlandish, he cannot nudge his claims across the line from conceivable to plausible. Thus, his Complaint against Virgin Mobile should be dismissed.

Plaintiff's Complaint is devoid of any factual allegations supporting his claim against Virgin Mobile. Essentially, Plaintiff alleges he had a phone operating on the Virgin Mobile wireless network, he felt a vibration in his head when he was near the phone on some occasions, Virgin Mobile owed him a duty of care, and thus, Virgin Mobile is liable to him for damage. Missing from Plaintiff's Complaint, however, are any factual allegations supporting Plaintiff's conclusions that Virgin Mobile owed him a duty of care to stop whatever he claims occurred or that the alleged breach of any duty proximately caused Plaintiff any injury. As the United States

Supreme Court explained in *Iqbal*, "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Plaintiff's allegations are so outlandish and implausible, no court could believe he has a reasonable likelihood of mustering factual support for his claims. Indeed, courts have reached similar conclusions in strikingly similar cases:

> Plaintiff's allegations that her former employer planted surveillance equipment in her bathroom, re-planted such equipment in numerous residences to which she moved, hired agents to follow Plaintiff, and caused the contents of such surveillance to be broadcast over television and radio networks are so outlandish that Defendants should not be forced to conduct discovery or otherwise proceed with this lawsuit. Plaintiff's claims are precisely the type intended to be weeded out by the *Twombly* standard because they have no reasonable prospect of success.

*Slocum v. Corporate Exp. US Inc.*, 2011 WL 1770815, at *4 (N.D. Okla. May 9, 2011); *see also Gossett v. Administration of Bush*, 336 Fed. Appx. 843, 845 (10th Cir. 2009) (finding the plaintiff had not nudged his claims across the line from conceivable to plausible where there was no reasonable probability the plaintiff would be able to produce any evidence in support of his outlandish claims); *Brodzk*, 2012 WL 125272, at *2 (finding the plaintiff's "fantastical, delusional, irrational, and frivolous allegations" were too conclusory and scant to meet the pleading requirements of *Iqbal* and *Twombly*). Because Plaintiff's Complaint fails to meet the standards set forth in *Iqbal* and *Twombly*, his Complaint should be dismissed.

## II. Plaintiff's Complaint Should Be Dismissed For Lack Of Subject Matter Jurisdiction.

A court also may grant a motion to dismiss frivolous or patently insubstantial complaints under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Nietzke v. Williams*, 490 U.S. 319, 327 n.6 (1989). The federal courts are without power to entertain claims so attenuated and insubstantial as to be absolutely devoid of merit. *Hagans v. Lavine*, 415 U.S.

528, 536-37 (1974). "To be dismissed under Rule 12(b)(1) on this ground the claims must be flimsier than doubtful or questionable they must be essentially fictitious." *Newby v. Obama*, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) (internal marks omitted). "Claims that are essentially fictitious include those that allege bizarre conspiracy theories, any fantastic government manipulations of their will or mind or any sort of supernatural intervention." *Id.*

Plaintiff's Complaint easily falls within the "essentially fictitious" category, and courts routinely dismiss such claims. *See Watkins v. F.B.I.*, 2015 WL 339584, at *1 (W.D. Ky. Jan. 23, 2015) (dismissing the plaintiff's claims where the complaining document was devoid of any credible allegations and contained "bizarre, fantastic, delusional and disjointed thoughts"); *Baszak v. F.B.I.*, 816 F. Supp. 2d 66, 69 (D.D.C. 2011) (dismissing the plaintiff's claims for lack of subject matter jurisdiction where plaintiff's claims rested on "fantastic government manipulation of one's will or mind that simply def[ies] reality") (internal quotations and marks omitted); *Bickford v. Government of U.S.*, 808 F. Supp. 2d 175, 181 (D.D.C. 2011) ("Ms. Bickford's injunctive claims – all of which arise from her allegations of government torture, surveillance, and harassment – are the type of bizarre conspiracy theories that warrant dismissal under Rule 12(b)(1).") (internal quotations and marks omitted); *Newby*, 681 F. Supp. 2d at 56 (finding the plaintiff's "claims relating to alleged government surveillance and harassment are of the sort of 'bizarre conspiracy theory' that warrant dismissal under Rule 12(b)(1)."). Plaintiff's Complaint against Virgin Mobile is similarly devoid of any credible allegations and is based on the sort of bizarre conspiracy theory that warrants dismissal under Federal Rule of Civil Procedure 12(b)(1).

## Conclusion

For the foregoing reasons, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

BELIN McCORMICK, P.C.

By _____  *Lead Counsel*
Michael R. Reck
Kelsey J. Knowles
Espnola F. Cartmill

666 Walnut Street, Suite 2000
Des Moines, IA  50309-3989
Telephone:   (515) 283-4645
Facsimile:   (515) 558-0645
E-mail:   mrreck@belinmccormick.com
kjknowles@belinmccormick.com
efcartmill@belinmccormick.com
ATTORNEYS FOR DEFENDANT VIRGIN MOBILE

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on December 8, 2015, by

☑ Electronic Filing System   ☑ Other U.S. Mail

Calvin Hammock
5106 Brown Street
Davenport, IA  52806
*Pro Se Plaintiff*

Department of Defense
Secretary of Defense
1000 Defense Pentagon
Washington, DC  20301-1000

Apple
1 Infinite Loop
Cupertino, CA  95014

NASA Headquarters
Charles Bolden Administrator
300 E. Street SW
Washington, DC  20024-3210

Space Exploration Technologies Space X
1 Rocket Road
Hawthorne, CA  90250

Blackberry (Curve) Corporation
6700 Koll Center Parkway, #200
Pleasanton, CA  94566

Mediacom WiFi  
One Mediacom Way  
Mediacom Park, NY  10918

American Water Iowa  
1025 Laurel Oak Road  
Vorhees, NJ  08043

Signature: _Sharon Olson_

N0320\0015\(02299673)