IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| CALVIN HAMMOCK, | ) | No. 3:15-cv-00111-CRW-CFB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NASA HEADQUARTERS, | ) | |
| DEPARTMENT OF DEFENSE, SPACE | ) | |
| EXPLORATION TECHNOLOGIES | ) | |
| SPACE X, APPLE, BLACKBERRY | ) | |
| (CURVE) CORPORATION, VIRGIN | ) | |
| MOBILE, MEDIACOM WIFI, | ) | |
| AMERICAN WATER IOWA, ANY YET | ) | |
| UN-IDENTIFIED ENTITIES, PERSONS, | ) | |
| SATELLITES, GOVT. AGENCIES, | ) | |
| GOVT. TECHNOLOGIES, INTER | ) | |
| AGENCIES, FUSION CENTER | ) | |
| PARTICIPANT PARTNERS | ) | |
| CORPORATIONS, COMPANIES, | ) | |
| SOFTWARE USED BY AND WITH | ) | |
| STATE ACTORS AND TEMPORARY | ) | |
| STATE ACTORS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

## APPLE INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS

---

Defendant Apple Inc. ("Apple") submits the following Brief in Support of Its Motion to

Dismiss Plaintiff Calvin Hammock's ("Mr. Hammock") Complaint with Jury Demand

("Complaint") (*Dkt. No. 1*) as against Apple.

1

# TABLE OF CONTENTS

SUMMARY ...................................................................................................................2

LEGAL STANDARD ....................................................................................................3

      a.  RULE 12(b)(6). ................................................................................3

      b.  RULE 12(b)(1). ................................................................................4

ARGUMENT ................................................................................................................5

  I.   UNDER ANY MODE OF ANALYSIS, THE STATUTE OF LIMITATIONS
       PERIOD LAPSED PRIOR TO FILING OF THE COMPLAINT ...................................5

  II.  THE COMPLAINT DOES NOT ASSERT SUFFICIENT FACTS TO SUPPORT A
       CLAIM AGAINST APPLE UNDER THE FEDERAL STATUTES RELIED UPON ...7

      a.  The § 1983 claim fails as a matter of law because it contains no allegation from
          which one might find that Apple was acting under color of state law. ......................7

      b.  The § 1985 claim likewise must fail as a matter of law because there is no
          credible allegation of a conspiracy or discriminatory motive. ...................................8

  III.  ANY INDEPENDENT PERSONAL INJURY TORT TO ARGUABLY BE
        GLEANED FROM THE COMPLAINT FAILS AS A MATTER OF LAW
        BECAUSE THE COMPLAINT MAKES NO FACTUAL ALLEGATIONS OF
        HOW APPLE BREACHED ANY DUTY. ...................................................................9

  IV.  THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THE
        CLAIMS ALLEGED BECAUSE THEY ARE PATENTLY INSUBSTANTIAL. ........10

CONCLUSION ............................................................................................................12

# SUMMARY

The Complaint as against Apple must be dismissed for multiple, independent reasons,

each of which is individually sufficient for dismissal.  First, the applicable two-year statute of

limitations period provided for by IOWA CODE § 614.1(2) precludes Mr. Hammock from

recovering for his alleged injuries because the Complaint was filed on October 16, 2015, over

three years and four months after the first alleged injury on May 22, 2012. Second, even assuming, *arguendo*, the claims have factual merit, Mr. Hammock's claims under 42 U.S.C. §§ 1983 and 1985 do not apply to private entities such as Apple and there are no allegations that would bring Apple within the purview of the federal statutes. Third, if any independent civil tort cause of action against Apple may be found in the allegations, the Complaint fails to allege any facts as to how any plausible duty was breached. Finally, the Complaint on its face fails to invoke this Court's subject matter jurisdiction and is subject to dismissal under FED. R. CIV. P. 12(b)(1) because the allegations are patently insubstantial.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). The Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "'[C]onclusory statements' and 'naked assertion[s] devoid of further factual enhancement' are insufficient. Courts must accept a plaintiff's factual allegations as true but need not accept a plaintiff's legal conclusions." *Retro Television Network, Inc. v. Luken Comm'ns, LLC*, 696 F.3d 766, 768-769 (8th Cir. 2012). (quoting *Iqbal,* 556 U.S. at 570).

### a. RULE 12(b)(6).

The Supreme Court has established a "two-pronged approach" for analyzing complaints under FED. R. CIV. P. 12(b)(6). First, the factual allegations should be separated from the legal allegations with the factual allegations being accepted as true and the legal allegations disregarded. *Iqbal*, 556 U.S. at 678-79. Second, the factual allegations must be considered for facial plausibility. *Id.* at 679.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 679 (quoting *Twombly*, 550 U.S. at 570).

### b. RULE 12(b)(1).

Dismissal for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) is appropriate where a claim is "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine,* 415 U.S. 528, 536-37, 94 S. Ct. 1372, 1379, 39 L. Ed. 2d 577 (1974) (numerous internal quotations omitted) (dismissing plaintiff's allegations of surveillance by federal authorities and others, and that certain individuals could affect the weather using electromagnetic waves). *See also, Deyerberg v. Holder*, No. CIV.A.10-0671 (JDB), 2010 WL 2131834, at *1 (D.D.C. May 26, 2010) *aff'd,* 455 F. App'x. 1 (D.C. Cir. 2011) (holding that such claims do not invoke federal subject matter jurisdiction).

## ARGUMENT

### I.   UNDER ANY MODE OF ANALYSIS, THE STATUTE OF LIMITATIONS PERIOD LAPSED PRIOR TO FILING OF THE COMPLAINT.

From the face of the Complaint, the limitation period for Mr. Hammock's claims began running on May 22, 2012, when he first became aware of "vibratory pain, and microwave voice harassment" and had reason to know of his alleged injury.  (*Dkt. No. 1*, ¶¶ 12-13, 32).  *See Powell v. Tordoff*, 911 F.Supp. 1184, 1189, 1194 (N.D. Iowa 1995) (noting that, under federal law, the statute of limitations begins running when "the plaintiff knows or has reason to know of the injury which is the basis of the action."); *Lopatka v. City of Iowa City*, No. 12-1179, 2013 WL 3822103, at *1 (8th Cir. July 24, 2013) (ruling plaintiff had "actual or imputed knowledge of the facts that would support a cause of action" on the date of injury); *Thompson v. Estate of Herron*, 612 N.W.2d 798, 800 (Iowa 2000) (measuring the limitations period from the date of injury).

Iowa CODE § 614.1(2) is applicable to this case and provides that the limitation period is two years from the date of injury.  *See Nicodemus v. Milwaukee Mut. Ins. Co.*, 612 N.W.2d 785, 788 (Iowa 2000) (noting injured parties have two years to investigate a claim and file a lawsuit). The Complaint was filed on October 16, 2015, well after the May 22, 2014 deadline established by the allegations in the Complaint.  When it appears on the face of the Complaint that the limitation period has run, "a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss."  *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004). The statute of limitations on Mr. Hammock's claims against Apple clearly expired according to the express allegations, so the Complaint must be dismissed.

The Complaint asserts claims pursuant to 42 U.S.C. §§ 1983 and 1985 based on civil rights violations tied to the Fourth and Eighth Amendments. (*See Dkt. No. 1*, pp. 6-7 (characterizing the Complaint as a civil rights action to vindicate alleged violations of constitutional rights)). The assertion of 42 U.S.C. §§ 1983 and 1985 claims, however, do not avoid application of the two-year limitation provided for by Iowa CODE § 614.1(2) because constitutional civil rights actions under those statutes draw their limitations period from the limitation on personal injury torts for the state in which the claim is brought. *See, e.g., Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947, 85 L. Ed. 2d 254 (1985) (holding that constitutional actions under § 1983 are best characterized as personal injury torts for limitation purposes); *City of Rancho Palos Verdes v. Abrams,* 544 U.S. 113, 123, 125 S. Ct. 1453, 1460, 161 L. Ed. 2d 316, n. 5 (2005) (reaffirming that the limitation on a § 1983 claim generally is the state-law period for personal-injury torts); *Faith Bible Christian Outreach Ctr., Inc. v. C.H. Moore Trust Estate*, No. C96-4069 MWB, 1998 WL 35179229, at *7 (N.D. Iowa Nov. 6, 1998) (noting that courts apply the state personal injury statute of limitations to claims under 42 U.S.C. § 1985).[1]

Consequently whether the Complaint is interpreted to assert a state law tort claim or 42 U.S.C. §§ 1983 and 1985 claims against Apple, the limitations period expired on May 22, 2014, and the Complaint must be dismissed. As discussed below, however, the Complaint does not assert a cause of action against Apple regardless of the untimely filing.

---

[1] The Complaint mentions several criminal statutes from Title 28 of the United States Code in support of a claim under 42 U.S.C. §§ 1983 and 1985. (*Dkt. No. 1*, pp. 4 and 10). Such criminal statutes, however, do not create any private right that is enforceable through §§ 1983 or 1985. *See Moldowan v. City of Warren*, 578 F.3d 351, 391 (6th Cir. 2009)); *Clements v. Chapman*, 189 F. App'x. 688, 692 (10th Cir. 2006); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

II.     **THE COMPLAINT DOES NOT ASSERT SUFFICIENT FACTS TO SUPPORT A CLAIM AGAINST APPLE UNDER THE FEDERAL STATUTES RELIED UPON.**

While expiration of the statute of limitations period *per se* provides sufficient basis to dismiss the Complaint in its entirety, the Complaint also cannot survive a motion to dismiss under *Iqbal*'s requirements of a plausible claim on the face of the Complaint that contains sufficient facts to draw the reasonable inference of liability if the allegations were true.

a.   **The § 1983 claim fails as a matter of law because it contains no allegation from which one might find that Apple was acting under color of state law.**

Even momentarily assuming the allegations in the Complaint are true as required for the purposes of this motion, the Complaint does not set forth a plausible claim against Apple under § 1983 because Apple is a private entity that was not acting under color of state law.  *See Hammock v. Jensen*, No. 3-12-cv-94-CRW-RAW (May 10, 2013 Order Dismissing Lawsuit at p. 2), *aff'd*, 549 F. App'x. 600 (8th Cir.) *cert. denied sub nom.* 134 S. Ct. 2844, 189 L. Ed. 2d 811 (2014) *reh'g denied,* 135 S. Ct. 35, 189 L. Ed. 2d 887 (2014) (dismissing civil rights claims against private hospital personnel).

"Section 1983 creates a cause of action against a person acting 'under color of any statute . . . of any State' who deprives another of a federally protected right." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (quoting 42 U.S.C. § 1983).  Only those capable of characterization as a state actor may be held liable for deprivation of a federally protected right under § 1983, which does not extend to "merely private conduct, no matter how discriminatory or wrongful." *Id.* (citation omitted).  The Eighth Circuit requires "joint action or conspiracy with state authorities" in order to find a private party liable as a state actor. *Id.* at 651.  "[T]o withstand a motion to dismiss, conclusory allegations of a conspiracy between a private party

and a state actor will not suffice; the plaintiff in an action brought under 42 U.S.C. § 1983 must allege specific material facts showing the existence and scope of the conspiracy." *Albertson v. City of Newton*, No. CIV. 4-92-70003, 1992 WL 309879, at *1 (S.D. Iowa June 4, 1992).

The Complaint fails to meet this standard.  Instead, the Complaint alleges only that signals were sent through various corporate Defendants' electronic devices. (*Dkt. No. 1*, ¶¶ 31-34.).  There are no allegations in the Complaint that meet the factual specificity required to sweep in a private entity such as Apple under the standards for a § 1983 claim as set forth in *Hammock, Carlson* and *Albertson*.

### b. The § 1985 claim likewise must fail as a matter of law because there is no credible allegation of a conspiracy or discriminatory motive.

The Complaint alleges insufficient facts to assert a plausible claim against Apple under § 1985 as well.  To assert a § 1985(3) civil rights conspiracy, a plaintiff must allege "(1) a conspiracy, (2) for the purpose of depriving another of the 'equal protection of the laws, or of equal privileges and immunities under the laws;' (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right." *See Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004) and *Bailiff v. Adams Cty. Conference Bd.*, 54 F. Supp. 2d 923, 926 (S.D. Iowa 1999) (both stating elements and dismissing § 1985(3) claims). *See also, Crutcher-Sanchez v. Cty. of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012) (setting forth elements).

The Complaint contains no allegations whatsoever that would allow a credible inference that Apple was involved in a conspiracy.  To assert an agreement between conspirators, a plaintiff must be able to point to "at least some facts which would suggest that [defendants] reached an understanding to violate [the plaintiff's] rights." *Jensen v. Henderson*, 315 F.3d 854,

8

862-63 (8th Cir. 2002).  *See also Crutcher-Sanchez*, 687 F.3d at 987 (stating that a "conspiracy claim requires evidence of specific facts that show a 'meeting of the minds' among conspirators") (citation omitted).  The Complaint alleges only that signals were sent through various corporate Defendants' electronic devices. (*Dkt. No. 1*, ¶¶ 31-34).  Even accepting this as true solely for the purposes of this motion, the private Defendants, including Apple, are not alleged to have had anything but incidental involvement, which falls short of facts necessary to withstand a motion to dismiss in accordance with *Jensen* and *Crutcher-Sanchez*.

Furthermore, the Complaint does not allege any facts to plausibly assert a discriminatory motive by Apple.  To maintain a § 1985(3) claim, "one must allege some class-based discriminatory motive on the part of the conspirators." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981).  *Kaylor* affirmed the dismissal of a complaint, in part, because the alleged acts did not contain such an element of discriminatory motive. *Id.  See also Williams-Bey v. Kempker*, 192 F. App'x. 569, 571 (8th Cir. 2006) (affirming dismissal of a § 1985 claim because the plaintiff "did not allege a class-based discriminatory animus as required to state a claim under section 1985(3).") (citation omitted).  Again, the Complaint only alleges that signals were sent through various corporate Defendants' electronic devices without any plausible suggestion of a discriminatory motive. (*Dkt. No. 1*, ¶¶ 31-34).

### III.    ANY INDEPENDENT PERSONAL INJURY TORT TO ARGUABLY BE GLEANED FROM THE COMPLAINT FAILS AS A MATTER OF LAW BECAUSE THE COMPLAINT MAKES NO FACTUAL ALLEGATIONS OF HOW APPLE BREACHED ANY DUTY.

The Complaint also fails to allege sufficient facts to assert a plausible claim against Apple for a personal injury tort action even if the allegations were viewed as true for the purposes of argument.  A personal injury tort action must allege breach of a duty. *Aetna Cas. &*

*Sur. Co. v. Leo A. Daly Co.*, 870 F. Supp. 925, 934 (S.D. Iowa 1994) (quoting *Smith v. Shaffer*,

395 N.W.2d 853, 855 (Iowa 1986) (listing tort elements requiring "existence of a duty conform

to a standard of conduct" and "failure to conform to that standard")).  Failure to plead adequate

basis for an essential element of such a tort action is grounds to grant a motion to dismiss.

*McLeodUSA Telecommunications Servs., Inc. v. Qwest Corp.*, 469 F. Supp. 2d 677, 710 (N.D.

Iowa 2007).  The Complaint makes a broad, conclusory allegation that Apple breached a duty to

not allow certain signals to be transmitted to the Plaintiff  (*Dkt. No. 1*, ¶¶ 31-33.), but fails to set

forth any facts that would allow a reasonable inference as to *how* Apple's alleged incidental

involvement constituted a breach of any duty.  For instance, Mr. Hammock alleges that he was

injured while watching a rocket launch video on his "Apple Mac Book Pro laptop" (*id.* ¶ 12

[sic]), but there is no suggestion whatsoever of how or what about the MacBook constituted a

breach of duty that Apple could possible have had to him.  The bare assertion that a duty was

breached is insufficient in this case because the Complaint contains no factual allegations that

would allow any reasonable inference of how Apple could have committed such breach.  (*See id.*

¶¶ 12-14, 31-3.).[2]  As a result, the Complaint must be dismissed for this independent reason.  *See*

*Iqbal,* 556 U.S. at 678,  *McLeodUSA*, 469 F. Supp. 2d at 710.

### IV.     THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THE CLAIMS ALLEGED BECAUSE THEY ARE PATENTLY INSUBSTANTIAL.

Irrespective of any of the other grounds for dismissal, this Court lacks subject matter

jurisdiction to hear this lawsuit and the Complaint should be dismissed pursuant to FED. R. CIV.

P. 12(b)(1).  The gravamen of the Complaint is that NASA and Space X sent pain signals to Mr.

Hammock during a rocket launch with "Directed Energy Weapons," in part, by sending signals

---

2 Instructively, the Complaint makes essentially the same conclusory allegation without explanation against the other electronic product and service providers.

through the corporate Defendants' electronic devices targeting his cerebellum, and resulting in

"vibratory pain, and microwave voice harassment," and manipulation of his "nervous system and

thought processes." (*Dkt. No. 1*, ¶¶ 12-14, 31-34).  There is strong authority for such allegations

to be dismissed due a failure to invoke the District Court's jurisdiction.

In *Deyerberg*, the Court *sua sponte* dismissed a Complaint because federal courts do not

have jurisdiction to entertain claims that "are so attenuated and unsubstantial as to be absolutely

devoid of merit, wholly insubstantial, or obviously frivolous." 2010 WL 2131834, at *1 (quoting

*Hagans,* 415 U.S. at 536-37, internal modification omitted).  In doing so, the Court quoted *Best

v. Kelly*, 39 F.3d 328, 330 (D.C.Cir.1994) to observe that claims subject to dismissal are those

that "are essentially fictitious, or advance bizarre conspiracy theories, fantastic government

manipulations of one's will or mind, or some type of supernatural intervention."  *Id.* (internal

modification to quotes omitted).

Similarly, in *Tooley v. Napolitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009), the court

affirmed dismissal of a complaint as patently insubstantial on jurisdictional grounds where the

plaintiff alleged he was subjected to an extensive government surveillance following a telephone

call with an airline.  And in *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir.

2015), the dismissal of § 1983 claim was affirmed because the complaint did not "allege

anything that might support an inference that the defendants were state actors, suable therefore

under 42 U.S.C. § 1983" and no imaginable alternative basis for federal court jurisdiction

existed.  "Conventional legal doctrine deems a suit frivolous if it is apparent from a reading of

the complaint that . . . the case is going nowhere—that there's no possibility of the court's having

authority to provide relief to the plaintiff." *Carter*, 794 F.3d at 807 (numerous citations omitted).

Because the claims in the Complaint are so attenuated, it should be dismissed under FED. R. CIV.

P. 12(b)(1) in addition to the above stated reasons under FED. R. CIV. P. 12(b)(6).

## CONCLUSION

WHEREFORE, for each and every of the forgoing reasons, Defendant Apple Inc.

respectfully requests that the Court dismiss the Complaint against Apple Inc. with prejudice and

at Plaintiff's cost, and grant other relief that the Court deems just and proper.


Date: December 8, 2015

/s/ Philip A. Burian
PHILIP A. BURIAN
*Simmons Perrine Moyer Bergman PLC*
115 Third Street SE, Suite 1200
Cedar Rapids, IA  52401
Phone: 319-366-7641
Facsimile: 319-366-1917
E-Mail:  pburian@simmonsperrine.com

*ATTORNEYS FOR APPLE INC.*


## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2015, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following counsel of record:

Terri L. Combs
Faegre Baker Daniels, LLP
801 Grand Avenue
33rd Floor
Des Moines, IA 50309
Phone: 515-248-9000
Facsimile: 515-248-9010
E-mail: terri.combs@faegrebd.com
*Attorney for Defendant MCC Iowa, LLC, d/b/a Mediacom*

I hereby certify that on December 8, 2015, I transmitted the foregoing by U.S. mail to the following:

Calvin Hammock
5106 Brown Street
Davenport, IA 52806
*Plaintiff*

/s/ Philip A. Burian
Philip A. Burian