**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| CALVIN HAMMOCK, | ) |
| | ) |
| Plaintiff, | )   Case No. 3:15-cv-00111-CRW-CFB |
| | ) |
| v. | ) |
| | ) |
| NASA HEADQUARTERS, DEPARTMENT | ) |
| OF DEFENSE, SPACE EXPLORATION | ) |
| TECHNOLOGIES SPACE X, APPLE, | ) |
| BLACKBERRY (CURVE) | )   **MCC IOWA, LLC'S** |
| CORPORATION, VIRGIN MOBILE, | )   **MOTION TO DISMISS** |
| MEDIACOM WIFI, AMERICAN WATER | ) |
| IOWA, ANY YET UN-IDENTIFIED | ) |
| ENTITIES, PERSONS, SATELLITES, | ) |
| GOVT. AGENCIES, GOVT. | ) |
| TECHNOLOGIES, INTER AGENCIES, | ) |
| FUSION CENTER PARTICIPANT | ) |
| PARTNERS CORPORATIONS, | ) |
| COMPANIES, SOFTWARE USED BY | ) |
| AND WITH STATE ACTORS AND | ) |
| TEMPORARY STATE ACTORS | ) |
| | ) |
| Defendants. | ) |

Comes now Defendant MCC Iowa, LLC, d/b/a Mediacom ("Mediacom")—incorrectly identified as Mediacom WiFi in the Summons and Complaint—by and through its undersigned counsel, and hereby respectfully submits this Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

In support of this motion, Mediacom states as follows:

1.      On October 16, 2015, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. §§ 1983 and 1985 against Defendants seeking $100,000,000 in damages.

2.      The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted.

3.     Plaintiff has failed to assert a claim specifically against Mediacom, alleging claims solely against defendants NASA, Space X, Apple, Blackberry, Virgin Mobile, and Iowa American Smart Meter.

4.     Even reading the Complaint liberally, and assuming Plaintiff's claims against Mediacom are for a denial of civil rights pursuant to 42 U.S.C. §§ 1983 and 1985, the claims still must fail.  This is because Mediacom, as a private party, is not a proper defendant under Section 1983, and Plaintiff has failed to plead any sort of conspiracy to deprive Plaintiff of his civil rights as required by both Sections 1983 and 1985.

5.     Additionally, the Complaint against Mediacom should be dismissed because the two-year statute of limitations applied in Iowa for Plaintiff's claims expired over a year ago.

6.     The Complaint should also be dismissed for want of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), because it is patently insubstantial and devoid of merit.

7.     Pursuant to L.R. 7(d), Mediacom simultaneously submits its Brief in Support of its Motion to Dismiss Plaintiff's Complaint.

8.     In addition, Mediacom hereby joins and incorporates herein by reference the Motion to Dismiss, and Brief in Support, filed by Defendant Apple Inc. (D.I. 11).

9.     Those memoranda, the docket entries and the record before the Court establish that Mediacom's Motion to Dismiss should be granted and that Plaintiff's Complaint should be dismissed in its entirety.

WHEREFORE, Mediacom respectfully requests that the Court dismiss the Complaint against Mediacom with prejudice.

Dated:  December 10, 2015.                    FAEGRE BAKER DANIELS LLP

/s/ Terri L. Combs
Terri L. Combs, *Lead Counsel*
*terri.combs@FaegreBD.com*
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone:  (515) 248-9000
Facsimile:  (515) 248-9010
**Attorney for Defendant**
**MCC Iowa, LLC d/b/a Mediacom**

<u>**Certificate of Service**</u>

 The undersigned hereby certifies that a true copy of the foregoing was served through the Court's CM/ECF filing system and through U.S. Mail on the 10th day of December, 2015 on the following:

Calvin Hammock
5106 Brown Street
Davenport, Iowa 52806

**Plaintiff/Petitioner**

<u>/s/ Terri L. Combs</u>