**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| CALVIN HAMMOCK, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:15-cv-00111-CRW-CFB |
| | ) |
| v. | ) |
| | ) |
| NASA HEADQUARTERS, DEPARTMENT | ) |
| OF DEFENSE, SPACE EXPLORATION | ) |
| TECHNOLOGIES SPACE X, APPLE, | ) |
| BLACKBERRY (CURVE) | ) **MCC IOWA, LLC'S BRIEF** |
| CORPORATION, VIRGIN MOBILE, | ) **IN SUPPORT OF ITS** |
| MEDIACOM WIFI, AMERICAN WATER | ) **MOTION TO DISMISS** |
| IOWA, ANY YET UN-IDENTIFIED | ) |
| ENTITIES, PERSONS, SATELLITES, | ) |
| GOVT. AGENCIES, GOVT. | ) |
| TECHNOLOGIES, INTER AGENCIES, | ) |
| FUSION CENTER PARTICIPANT | ) |
| PARTNERS CORPORATIONS, | ) |
| COMPANIES, SOFTWARE USED BY | ) |
| AND WITH STATE ACTORS AND | ) |
| TEMPORARY STATE ACTORS | ) |
| | ) |
| Defendants. | ) |

Comes now Defendant MCC Iowa, LLC, d/b/a Mediacom ("Mediacom")—incorrectly identified as Mediacom WiFi in the Summons and Complaint—by and through its undersigned counsel, and hereby respectfully submits its Brief in Support of Its Motion to Dismiss Plaintiff Calvin Hammock's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 3

THE ALLEGATIONS IN THE COMPLAINT............................................................................ 4

ARGUMENT ......................................................................................................................... 7

   I.    Plaintiff Has Failed To State A Claim Specifically Against Mediacom ............................ 7

   II.   Mediacom Is Not A Proper Party Under 42 U.S.C. §  1983 ............................................... 9

   III.  Plaintiff Has Failed To Assert A Claim Pursuant to 42 U.S.C. § 1985 ........................... 11

   IV.  The Statute of Limitations for Plaintiff's Claims Has Expired........................................ 12

   V.   The Complaint is Patently Insubstantial ........................................................................ 14

CONCLUSION................................................................................................................... 16

## INTRODUCTION

Plaintiff asserts that he was injured by NASA, the Department of Defense, Space X, Apple, Blackberry, Virgin Mobile, American Water Iowa, and the movant, Mediacom, because, while watching the Space X Falcon Engine Dragon liftoff on his computer in 2012, a "signal in the form of a maser, laser, [or] frequency" traveled through his Apple Mac Book Pro to his cerebellum causing a vibrating "pain sensation" that lasted for 15-25 seconds.  (D.I. 1, pg. 4, ¶¶ 12-13).  Since that time, Plaintiff asserts, among other things, he has experienced "pain shocks to the body" and has been subjected to "microwave voice to skull hearing" that he believes are part of an artificial intelligence program.  (*Id.* at ¶¶ 14, 16, 23).  Plaintiff seeks damages in the amount of $100,000,000 for these alleged injuries.  (*Id.* at pg. VI.A).

Setting aside the implausibility of Plaintiff's unfounded factual contentions, an analysis of Plaintiff's legal theories establishes that the Complaint must be dismissed under Rule 12(b)(6) for five distinct reasons.

First, Plaintiff has literally failed to allege a claim against Mediacom.  The Complaint solely asserts claims against NASA, Space X, Apple, Blackberry, Virgin Mobile, and American Water Iowa.  Without a claim asserted against it, there is no way for Mediacom to defend itself.  Even if the Court were to liberally construe the Complaint by reading into it a claim against Mediacom, the pleading still must fail as it is entirely unclear under what legal theory Plaintiff claims he was harmed by Mediacom.  Without a cognizable legal theory establishing that Plaintiff is entitled to relief from Mediacom, the Complaint must be dismissed.

Second, to the extent Plaintiff is alleging a civil rights claim pursuant to 42 U.S.C. § 1983 against Mediacom, the Complaint must be dismissed because Mediacom is not a proper party.  Section 1983 was enacted by Congress to prevent civil rights discrimination by state actors.  However, it is not a basis for suit against a private actor for private action.  Mediacom is not a

public actor, and Plaintiff has failed to allege any sort of conspiracy to deprive Plaintiff of his civil rights between Mediacom and a state actor. Thus, Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against Mediacom.

Third, to the extent Plaintiff is alleging a civil rights claim against Mediacom pursuant to 42 U.S.C. § 1985, the Complaint similarly must fail. In order for a Section 1985 action to survive a motion to dismiss, the complaint must allege at least some facts showing that the defendants had a meeting of the minds or conspired to violate Plaintiff's civil rights. Here, Plaintiff has alleged no such facts. Due to this serious deficiency, Plaintiff's claim against Mediacom, to the extent it is asserted pursuant to 42 U.S.C. § 1985, too must fail.

Fourth, the statute of limitations has expired. Plaintiff asserts that his Complaint is a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985, and here, the two-year statute of limitations for personal injury torts in Iowa controls. Because Plaintiff filed this Complaint almost three and a half years after his initial alleged injury occurred, Plaintiff's claims against Mediacom are time barred.

Fifth, Plaintiff's claims lack jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). This is because, federal courts are "without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974). Thus, the Complaint should be dismissed.

For these reasons, the Court should dismiss the Complaint with prejudice.

## THE ALLEGATIONS IN THE COMPLAINT

On October 16, 2015, Plaintiff filed the Complaint that is the subject of this Motion. (D.I. 1). Pursuant to this Complaint, Plaintiff asserts civil rights claims for one hundred million dollars against a number of defendants including NASA, the Department of Defense, Space X,

Apple, Blackberry, Virgin Mobile, American Water Iowa, and the movant in this motion, Mediacom. (*See id.*).

The facts that form the basis of the Complaint are confusing. According to Plaintiff, his initial injury occurred on May 22, 2012, while he was watching the launch of the NASA Space X Falcon Engine Dragon on his laptop. (*Id.* at ¶ 12). He alleges he "felt the back of his cerebellum vibrate for 15-25 seconds as a pain sensation that Plaintiff has not felt since that exact pain sensation although there have been similar frequency sensations dealing with Plaintiffs [sic] head." (*Id.* at ¶¶ 12-13). Since that time, Plaintiff claims he has "felt pain shocks to the body in the areas of anus, testicles, side of ribcage, heart vibrations, chest, and head as some form of microwave maser harassment and targeting by Directed Energy Weapons" and has experienced "microwave voice to skull hearing." (*Id.* at ¶¶ 14, 16; *see also* ¶ 23 (stating that Plaintiff has suffered "daily since the NASA Space X liftoff by microwave voices")).

Plaintiff alleges two additional injuries that occurred during the Fall of 2012. Specifically, Plaintiff states that while he was watching the Democratic National Convention, on September 7, 2012, he was "hit with some type of Directed Energy beam" that caused "extreme pain and discomfort." (*Id.* at ¶ 18). And on November 3, 2012, while attending a rally for President Barack Obama, a "radiated pulse hit the top of Plaintiffs [sic] skull cranium and seem[ed] to pull an elongated energy stream from Plaintiffs [sic] skull." (D.I. 1 at ¶ 20).

Plaintiff asserts these alleged vibrations, shocks, and pulses were caused by a "21st century weaponry to silence dissident[s] and sabotage competitors . . . using directed energy weapons and maser microwave lasers etc." (*Id.* at ¶ 20). Specifically, Plaintiff cites a technology identified by Dennis Kucinich in the proposed Space Preservation Act of 2001 for a "land-based, sea-based, or space-based system[] using radiation, electromagnetic, psychotronic, sonic, laser, or other energies directed at individual persons or targeted populations for the

purpose of information war, mood management, or mind control." (*Id.* at ¶ 25). Mediacom has no knowledge of any such technology, and Plaintiff has not alleged that it does.

It is based on these alleged facts that Plaintiff claims a deprivation of civil rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. (*Id.* at pg. 4 ("This is a civil rights action brought under 42 U.S.C. § 1983, 42 U.S.C. § 1985"); *see also* pg. 6 ("This civil rights action is brought under 42 USC § 1985, 42 USC § 1983, 28 USC § 1343.")). Plaintiff asserts that Defendants NASA and Space X had an obligation "to not have sent pain signals to Plaintiff during their NASA and Space X Falcon Engine Space craft liftoff" and that they were "grossly negligent in allowing these pain signals, vibration signals to occur at exact moments and seconds of Defendant spacecraft liftoff." (*Id.* at ¶ 31). Plaintiff claims NASA and Space X violated the Eight Amendment by depriving him of "a liberty interest to be free from such without procedural substantive due process of law, as also stated in the Fourteenth Amendment Equal Protection Clause." (*Id.*). Plaintiff also alleges that Defendants Apple, Blackberry, Virgin Mobile, and American Water Iowa breached a "duty of care not to allow their products to be used" to send signals "target[ing] Plaintiffs [sic] cerebellum causing vibratory pain, and microwave voice harassment," and to "manipulate Plaintiffs [sic] nervous system and send pain vibration signals and frequencies through magnetic fields generated by these products." (D.I. 1, ¶¶ 32-33). Plaintiff further asserts a general claim that the Defendants breached an alleged duty of care "not to send microwave voices and shocks to Plaintiff since the NASA Space X Falcon Engine Liftoff." (*Id.* at ¶ 34).

It is entirely unclear what Plaintiff asserts Mediacom is liable for, as Plaintiff failed to state a claim against Mediacom in the "Claims" section of the Complaint. (*See* D.I. 1, ¶¶ 31-34 (identifying claims against NASA, Space X, Apple, Blackberry, Virgin Mobile, and American Water Iowa only)).

In fact, the Complaint only mentions Mediacom two times (other than generally listing Mediacom as a defendant) in the 29-page Complaint.  First, in the Statement of Facts, Plaintiff notes that he watched the NASA Space X Falcon Engine Dragon liftoff on May 22, 2012 through his Mediacom wifi network.  (*Id.* at ¶ 12).  Second, under "Relief Sought", Plaintiff states that he "seeks damages from Mediacom as mediacoms [sic] wifi network was able to be used heterodyne signals and frequencies directed to plaintiff [sic] causing Plaintiff severe psychological and biological injury shocks to the body on a continuous basis.  (*Id.* at § VI.H.).  The Complaint provides no further detail supporting the assertion that Mediacom used "heterodyne signals and frequencies" to cause Plaintiff injury (nor does it offer an explanation of what that is).  (*See id.* at § V, VI.H).  As explained below, Plaintiff's claims against Mediacom must fail.

**ARGUMENT**

The Complaint against Mediacom should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) because Plaintiff has failed to state a patently substantial claim against Mediacom upon which relief can be granted.

**I.     Plaintiff Has Failed To State A Claim Specifically Against Mediacom**

Under Federal Rule of Civil Procedure Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted this rule to require that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).

In this case, the relevant question is not whether Plaintiff sufficiently pled his claim against Mediacom, but whether the Complaint pled one at all.  Plaintiff solely alleges claims against Defendants NASA, Space X, Apple, Blackberry, Virgin Mobile, and American Water Iowa.  (See D.I. 1, § V).  Because Plaintiff failed to assert a claim against Mediacom, the Complaint should be dismissed.  *See, e.g.*, *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D 673, 682 (N.D. Iowa 1995) ("In these circumstances, the judge's belief or disbelief of the complaint's factual allegations does not even enter the picture, because there are no allegations as to these defendants to be believed or disbelieved."); *Pearl v. Dobbs*, 649 F.2d 608, 608 (8th Cir. 1981) (affirming lower court's conclusion that "the action against defendants Gooley and Lockhart must be dismissed because Pearl's complaint made no allegations against them.").

Even if the Court were to read the Complaint liberally, and assume that Plaintiff's vague mentions of Mediacom elsewhere in his Complaint are intended as claims asserted against Mediacom, these too fail to state a claim for which relief can be granted.  This is because these vague allegations are exactly what the Supreme Court warned against in *Aschcroft v. Iqbal*.

In *Ashcroft*, the Supreme Court reiterated that although Rule 8 "does not require detailed factual allegations, [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft*, 556 U.S. at 678 (citation omitted).  A complaint that "tenders naked assertion[s] devoid of further factual enhancement" does not satisfy the requirements of Rule 8.  *Id.* (citation omitted).

This is exactly what the Plaintiff has done here.  Without any supporting factual content, Plaintiff has alleged that "mediacoms [sic] wifi network was able to be used to heterodyne signals and frequencies directed to plaintiff [sic] causing Plaintiff severe psychological and biological injury shocks to the body on a continuous basis."  (D.I. 1, § VI.H.).  However, it is unclear how Mediacom allegedly did this or what this even means.  This is a naked assertion

devoid of any factual enhancement.

Additionally, the Complaint does not specify under what legal theory Plaintiff is asserting a claim against Mediacom.  As this Court has made clear, "[a] complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory."  *Christopher & Banks Corp. v. Dillard's Inc.*, 805 F. Supp. 2d 693, 695 (S.D. Iowa 2011) (citation omitted).  Plaintiff's sole assertion against Mediacom—that its network allowed "heterodyne signals and frequencies" to be "directed to plaintiff"—does not provide the necessary elements of a cognizable claim for relief to aid Mediacom in defending itself.  And, to the extent the Court believes Plaintiff's claims against Mediacom are for a general violation of 42 U.S.C. §§ 1983 and 1985, as explained *infra*, Plaintiff has failed to plead those claims sufficiently as well.  Because the Complaint fails to state a claim against Mediacom for which relief can be granted, the Complaint should be dismissed.  *See Christopher & Banks Corp.*, 805 F. Supp. 2d at 695 (stating that Rule 12(b)(6) "allows the Court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity") (citation omitted).[1]

## II.    Mediacom Is Not A Proper Party Under 42 U.S.C. § 1983

The Complaint should also be dismissed because Mediacom is not a proper defendant under 42 U.S.C. § 1983.  Plaintiff alleges that his Complaint is a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985.  (D. I. 1, pg. 4; *see also* pg. 6).  Section 1983 provides that, "[e]very

---

[1] Although Plaintiff is appearing *pro se* in this matter, this fact should not change the Court's analysis.  Despite the fact that courts are required to liberally construe *pro se* pleadings, "the liberality of such construction is not limitless: a *pro se* complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d) if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless."  *Powell v. Tordoff*, 911 F.Supp. 1184, 1189 (N.D. Iowa 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  Here, Plaintiff's claim that Mediacom used "heterodyne signals and frequency" to cause Plaintiff "severe psychological and biological injury shocks" is confusing and simply implausible.  Thus, regardless of Plaintiff's *pro se* status, there is no reason to allow the Plaintiff to burden the Court and the parties with this action.

person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  But importantly, "[o]nly state actors can be held liable under Section 1983." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008).  As the Eighth Circuit has clarified, "[t]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.  To be liable under § 1983, the claimed deprivation must result from the exercise of a right or privilege having its source in state authority, and the party charged with the deprivation must be one appropriately characterized as [a] state actor[ ]." *Id.* (citations omitted).

To be considered a "state actor," a party must have participated in "joint action or conspiracy with state authorities." *Carlson*, 552 F.3d at 651.  However, "conclusory allegations of a conspiracy between a private party and a state actor will not suffice; the plaintiff in an action brought under 42 U.S.C. § 1983 must allege specific material facts showing the existence and scope of the conspiracy." *Albertson v. City of Newton*, No. 4-92-70003, 1992 WL 309879, at *1 (S.D. Iowa June 4, 1992).

In *Albertson v. City of Newton*, this Court dismissed a claim pursuant to 42 U.S.C. § 1983 because the complaint did "not allege with sufficient specificity any actual conspiratorial conduct" in order to justify holding a private actor liable under Section 1983. *Id.* at *1.  At issue in *Albertson* was a civil rights action asserted against the City of Newton, the City of Newton Police Department, and a private company, News Printing Company. *Id.*  The Court concluded that because the complaint "contain[ed] only conclusory conspiracy allegations," News Printing Company could not be held liable for violating the Plaintiff's civil rights under Section 1983. *Id.*

Similar to the case in *Albertson*, here Plaintiff has failed to plead that Mediacom, a private company, acted jointly or conspired in any way with NASA or the Department of Defense. Further, he has failed to provide specific material facts showing the existence and scope of the alleged conspiracy. In fact, he hasn't even alleged that a conspiracy exists. As a result, Mediacom is not a proper party to Plaintiff's civil rights action pursuant to 42 U.S.C. § 1983, and the Complaint should be dismissed. *See Goss v. Steam Global Servs., Inc.*, No. C14-4033-MWB, 2015 WL 1268192, at *7-8 (N.D. Iowa March 19, 2015) (dismissing complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to plead state action under Section 1983).

**III.   Plaintiff Has Failed To Assert A Claim Pursuant to 42 U.S.C. § 1985**

In addition to Section 1983, Plaintiff also asserts a "civil rights action brought under . . . 42 U.S.C. § 1985." (D. I. 1, pg. 4). Section 1985 states that "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3). But, in order to survive a motion to dismiss, a plaintiff alleging a Section 1985 claim must assert "(1) that the defendants conspired, (2) with the intent to deprive her of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that she was injured or deprived of having and exercising any right or privilege of a citizen of the United States." *Crutcher-Sanchez v. Cty. of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012); *Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004) (same).

Here, Plaintiff made no allegations of conspiracy. In fact, the words "conspiracy" or "conspire" do not even appear. (*See* D.I. 1). The most Plaintiff has alleged is that signals and

frequencies were sent over Mediacom's WiFi network.  (D.I. at § VI.H.).   Because Plaintiff is required to "point[] to at least some facts which would suggest that [the Defendants] reached an understanding to violate [his] rights," Plaintiff's claim under 42 U.S.C. § 1985 must be dismissed.  *Jensen v. Henderson*, 315 F.3d 854, 862-63 (8th Cir. 2002); *see also Crutcher-Sanchez*, 687 F.3d at 987 ("A conspiracy claim requires evidence of specific facts that show a 'meeting of the minds' among conspirators.") (citation omitted).

Additionally, Plaintiff's claim under 42 U.S.C. § 1985 must fail because Plaintiff has failed to allege a class-based discriminatory motive.  In order to assert a claim under 42 U.S.C. § 1985(3), the 8th Circuit has held that a plaintiff must also "allege some class-based discriminatory motive on the part of the conspirators." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981); *see also Williams-Bey v. Kempker*, 192 F. App'x 569, 571 (8th Cir. 2006) (affirming dismissal of a Section 1985 claim because the plaintiff "did not allege a class-based discriminatory animus as required to state a claim under section 1985(3).") (citation omitted). The Complaint is devoid of any assertion.  As such, the Complaint should be dismissed.

## IV.     The Statute of Limitations for Plaintiff's Claims Has Expired

The Complaint against Mediacom should also be dismissed because the statute of limitations on Plaintiff's claim has already run.  As addressed *supra*, Plaintiff brought his civil rights Complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  (D.I. 1, pg. 4).  However, neither Section 1983 nor Section 1985 contains a statute of limitations.  *See* 42 U.S.C. §§ 1983, 1985.  Because Congress did not provide a statute of limitations, the Court must borrow the statute of limitations for an analogous cause of action in Iowa.  *See, e.g.*, *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 616 (2013) ("[I]n § 1983 actions a state statute of limitations and the coordinate tolling rules are binding rules of law.") (citation omitted); *Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014) ("Section 1983 does

not supply its own statute of limitations; instead, we borrow the statute of limitations from state law."); *Powell v. Tordoff*, 911 F.Supp. 1184, 1189, 1191 (N.D. Iowa 1995) (borrowing state statute of limitations for plaintiff's claims asserted pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 because, "[w]hen such a void in federal statutory law occurs, federal courts have repeatedly 'borrowed' the state laws governing an analogous cause of action").

Courts have held that the applicable statute of limitations for a Section 1983 or 1985 claim is the personal injury tort for the state in which the court sits. *See, e.g.*, *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (agreeing with the court of appeals that a personal injury tort is the best way to characterize a Section 1983 action for statute of limitations purposes); *City of Rancho Palos Verdes v. Abrams,* 544 U.S. 113, 123 n. 5 (2005) (reaffirming that the statute of limitations for a Section 1983 claim is generally the applicable state-law period for personal-injury torts); *Faith Bible Christian Outreach Ctr., Inc. v. C.H. Moore Trust Estate*, No. C96-4069 MWB, 1998 WL 35179229, at *7 (N.D. Iowa Nov. 6, 1998) ("Although the Supreme Court has not explicitly addressed the most analogous state limitations period for claims under 42 U.S.C. § 1985, courts have applied the state personal injury statute of limitations to these claims as well.").

Under Iowa law, the statute of limitations for a personal injury claim is two years. *See* Iowa Code § 614.1(2). Applying this two-year statute of limitations to Plaintiff's Section 1983 and 1985 claims, it is clear Plaintiff's claims are time-barred.

Specifically, as of May 22, 2012, Plaintiff had knowledge of the facts that he believes support his Complaint—that an alleged vibration occurred in his cerebellum while he watched the liftoff of the Space X Falcon Engine Space from his laptop, causing a pain sensation. (*See* D.I. 1, ¶¶ 12-13. This knowledge is sufficient to start the statute of limitations countdown. *See Powell*, 911 F. Supp. at 1194 ("Under federal law, the statute of limitations does not begin to run

until the plaintiff knows or has reason to know of the injury which is the basis of the action."); *Lopatka v. City of Iowa City*, No. 12-1179, 2013 WL 3822103, at *1 (8th Cir. July 24, 2013) (finding the plaintiff had "actual or imputed knowledge of the facts that would support a cause of action" on the day the injury occurred); *Thompson v. Estate of Herron*, 612 N.W.2d 798, 800 (Iowa 2000) (holding that the plaintiff was required under Iowa Code section 614.1(2) to bring his claim within two years of the date the injury occurred).

After May 22, 2012, Plaintiff had two years to investigate this alleged injury and to file his lawsuit. *See Nicodemus v. Milwaukee Mut. Ins. Co.*, 612 N.W.2d 785, 788 (Iowa 2000) ("the legislature has deemed it appropriate to give an injured party two years simply to investigate her claim against a tortfeasor and get her lawsuit on file."). Plaintiff failed to do so, waiting to file his Complaint until October 16, 2015, (D.I. 1), almost three and a half years after Plaintiff's initial May 2012 "injury," and almost three years after the last injury Plaintiff alleges—the radiated pulse that "hit the top of Plaintiffs [sic] skull cranium" while he attended a rally for President Obama— in November of 2012. (*See id.* at ¶ 20). For this additional reason, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) ("[W]hen it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss.") (citation omitted).

## V.    The Complaint is Patently Insubstantial

Lastly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because it is patently insubstantial. As the Supreme Court has noted, "[a] patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989). This is because, "the federal courts are without power to entertain claims otherwise within their jurisdiction if

they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans*, 415 U.S. at 536 (citation omitted).

Applying this standard, courts in other jurisdictions have dismissed complaints for lacking personal jurisdiction pursuant to Fed. R. Evid. 12(b)(1).  For example, in *Bivolarevic v. U.S. CIA*, No. C 09-4620, 2010 WL 890147 (N.D. Cal. March 8 2010), the N.D. California dismissed a complaint alleging the CIA subjected the plaintiff to "voice to skull technology," using this as a "mind control weapon." *Id.* at *2.  Noting that "[a] claim may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial and . . . wholly insubstantial and frivolous," the court dismissed the action, holding that "[t]hese are precisely the type of frivolous claims that are subject to dismissal for lack of jurisdiction." *Id.* (citation omitted).

Similarly, in *Tooley v. Napolitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009), a plaintiff alleged the government "launched a massive surveillance program against him," including wire taps and tracking devices, after he made a suggestion to a Southwest Airlines representative regarding the airline's screening techniques.  *Id.* at 1007, 1009.  Because the D.C. Court of Appeals found this claim to be "flimsier than doubtful or questionable—. . . essentially fictitious," the court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(1).  *Id.* at 1009-10 (citation omitted).

Similar to the plaintiffs' claims in *Bivolarevic* and *Tooley*, the Complaint here should be dismissed.  Plaintiff's assertion that he has suffered from vibratory "pain sensation[s]" and "microwave voice to skull hearing" due to NASA's launch of the Space X Falcon Engine Dragon is wholly insubstantial and devoid of merit.  (*See* D.I. 1, ¶¶ 13, 16).  Thus, dismissal for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is proper.

## <u>CONCLUSION</u>

For the foregoing reasons, Mediacom respectfully requests the Court dismiss the Complaint against Mediacom with prejudice.


Dated:  December 10, 2015.                    FAEGRE BAKER DANIELS LLP

                                              /s/ Terri L. Combs
                                              Terri L. Combs, *Lead Counsel*
                                              *terri.combs@FaegreBD.com*
                                              801 Grand Avenue, 33rd Floor
                                              Des Moines, Iowa 50309
                                              Telephone:  (515) 248-9000
                                              Facsimile:  (515) 248-9010
                                              **Attorney for Defendant**
                                              **MCC Iowa, LLC d/b/a Mediacom**

## Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing was served through the Court's CM/ECF filing system and through U.S. Mail on the 10th day of December, 2015 on the following:

Calvin Hammock
5106 Brown Street
Davenport, Iowa 52806

**Plaintiff/Petitioner**

/s/ Terri L. Combs