UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

Calvin Hammock,

    Plaintiff

v.

NASA Headquarters, et al.,

    Defendants

No. 3:15 CV 00111 CRW-CFB

## MEMORANDUM IN SUPPORT OF DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION TO DISMISS

### I.    INTRODUCTION

The Court should dismiss Space Exploration Technologies Corp. ("SpaceX") as a defendant in this action for lack of personal jurisdiction pursuant to Rule 12(b)(2).[1] SpaceX is not a resident of Iowa, has not developed continuous and systematic business contacts or purposefully availed itself of the privilege of conducting activities within Iowa, and has not engaged in any conduct in Iowa related to the Plaintiff's claims. Accordingly, haling SpaceX into court in Iowa would offend traditional notions of fair play and substantial justice, and the Court therefore lacks personal

---

[1] SpaceX requests leave to file this motion more than 21 days following service of the original complaint. Plaintiff filed this action on October 16, 2015, and served SpaceX on November 18, 2015, with a stack of 99 pages of documents. (Cardaci Decl. ¶ 10.) Following receipt of the original Complaint, the undersigned checked the docket for this action in Westlaw and saw that an amended complaint had been filed; the undersigned assumed that Plaintiff would serve that amended complaint in its entirety and therefore did not file this motion immediately. See LR 15 ("amended or supplemented pleading…must reproduce the entire new pleading"). (Cardaci Decl. ¶11-12.) It was only after Plaintiff served SpaceX with his (flawed) motion for default judgment that the undersigned realized that his purported amended complaint was buried among the materials served on November 18, 2015. (Cardaci Decl. ¶ 13.) Plaintiff will not be prejudiced by this short extension of time because each of the arguments raised herein by SpaceX—lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim—could still be raised either by SpaceX or sua sponte by the the Court. See Fed. R. Civ. P. 12(h)(3) (a court must dismiss an action for lack of subject matter jurisdiction at any point in a proceeding); Fed. R. Civ. P. 12(c) (SpaceX can move for judgment on the pleadings outside of 21-day period for filing 12(b)(6) motion); and SpaceX can collaterally attack any judgment rendered by a court that lacks personal jurisdiction over it. Nor will the requested extension affect the schedule of these proceedings.

jurisdiction over SpaceX.

The Court should dismiss all claims against SpaceX for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Plaintiff's complaint is pure, delusional fantasy, based on rambling, incoherent, irrelevant, and obviously false—indeed scientifically impossible—allegations that are insufficient to imbue a federal court with subject matter jurisdiction over his claims.

Alternatively, the Court should dismiss all claims against SpaceX pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff is pursuing claims against SpaceX in this action under 42 U.S.C. §§ 1983 and 1985 for the alleged violation of his civil rights, but the alleged facts, even if they were true, would not support a claim against SpaceX under either statute. First, aside from the conclusory statement that SpaceX was a "temporary state actor", the complaint does not—and cannot realistically—allege facts that would support a finding that SpaceX is or a state actor. Second, the complaint does not allege any facts that remotely support a claim that SpaceX violated Section 1985.

## II.    ALLEGATIONS

The Statement of Facts in Plaintiff's complaint contains a single allegation involving SpaceX, namely that on May 22, 2012, while he was in his basement in Iowa watching a SpaceX launch on his computer, "Plaintiff felt the back of his cerebellum vibrate for 15-25 seconds". (Compl. ¶ 12.)  Pulling information from the rest of his complaint, Plaintiff appears to allege that these vibrations were somehow the result of NASA and SpaceX "gross [sic] negligently allow[ing] Plaintiff to be assaulted by a signal in the form of maser, laser, frequency, or other through Plaintiffs [sic] APPLE MAC BOOK PRO as well as surrounding wireless Products [sic] and wifi frequencies … to Plaintiffs [sic] cerebellum." (Compl. p. 4.)  In paragraph 31, he also indicates

that SpaceX somehow "sent pain signals to Plaintiff during" its launch. (Id. ¶ 31.)

## III.   FACTS

SpaceX designs and manufactures advanced rockets and spacecraft that it uses to transport customer payloads to orbit.[2]   (Cardaci Decl. ¶ 3; www.SpaceX.com.)   SpaceX does not have and has never had continuous and systematic general business contacts within Iowa. (Id. at ¶ 8.)

SpaceX provided a launch service to NASA on May 22, 2012, pursuant to a contract made under NASA's Commercial Orbital Transportation Services (COTS) program. (Compl. ¶ 12.) The launch was from Cape Canaveral in Florida. (Cardaci Decl. ¶ 5; https://www.nasa.gov/content/cots-history-imagery-gallery?id=367210.)   Like all launches from the Cape, SpaceX's May 22, 2012, COTS mission launched in an easterly direction, in this case approximately 40 degrees north of east. (Cardaci Decl. ¶ 5; http://www.scientificamerican.com/article/space-shuttle-weather-florida/.)   It reached orbit at an altitude of about 125 miles above sea level at a downrange distance of approximately one thousand miles northeast of Cape Canaveral. (Cardaci Decl. ¶ 5; https://www.nasa.gov/pdf/649910main_cots2_presskit_051412.pdf, at 4.)   Davenport, Iowa is about 1070 miles northwest of Cape Canaveral. (Cardaci Decl. ¶ 6; http://freemileagecalculator.com/miles-from-davenport-ia-to-cape-canaveral-fl.)   SpaceX has never intentionally sent masers, lasers, pain waves, or any other propagating waves towards Iowa, and it did not do so on May 22, 2012. (Cardaci Decl. at ¶ 9.)

---

[2] The Court may take judicial notice of facts that are "generally known within the trial court's territorial jurisdiction" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. SpaceX and its business have been the source of countless media articles

## IV.    ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over SpaceX.

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden to prove the existence of either general or specific *in personam* jurisdiction over the defendant. *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 1994). Plaintiff here cannot.

To establish general personal jurisdiction, a plaintiff must show the defendant "developed continuous and systematic general business contacts," *Helicopteros Nacionales de Colom., S.A. v. Hall,* 466 U.S. 408, 416 (1984), with the forum state, "[so] as to render them essentially at home in the forum State," *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846, 2851 (2011). *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, (8th Cir. 2011). Where the defendant is a corporation, the "paradigm forum for the exercise of general jurisdiction" is equivalent to a domicile, a place "in which the corporation is fairly regarded as at home." *Goodyear.* 131 S. Ct. at 2853–54.  SpaceX is not and has never been a resident of Iowa, nor has it "developed continuous or systematic general business contacts" in the state.  (Cardaci Decl., ¶ 9.) Nothing alleged in the complaint suggests otherwise.  Indeed, the only allegation tying SpaceX to Iowa is the nonsensical one that SpaceX somehow directed masers, lasers, and/or pain waves towards Plaintiff's basement in Davenport from over 1,000 miles away in Cape Canaveral. SpaceX cannot fairly be said to be "at home" in Iowa; certainly, any contacts that SpaceX has had with Iowa pale in comparison to those that are required to establish general jurisdiction.  *E.g.*, *Helicopteros*, 466 U.S. at 416 (defendant that purchased 80% of its helicopter fleet, spare parts, and accessories from Texas vendor, sent prospective pilots to Texas for training and to ferry aircraft to South America, sent management and maintenance personnel to Texas for technical consultation,

and received over \$5 million in payments drawn on Texas bank held not subject to general jurisdiction in Texas).

To establish specific jurisdiction, the plaintiff must show that the defendant "purposefully directed" his activities at the forum, and the litigation must result from alleged injuries that "arise out of or relate to" the defendant's activities directed at the forum. *Fastpath*, 760 F.3d at 821 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Again, the only activity that Plaintiff alleges SpaceX directed towards Iowa was sending some form of beam or wave from its launch vehicle flying east over the Atlantic from Cape Canaveral. The allegation is of course delusional and physically impossible, but even if we could accept it as something other than pure fantasy, SpaceX has never knowingly or intentionally directed any beam or waves of any kind at Iowa. (Cardaci Decl. ¶ XX.) Moreover, Plaintiff's own allegations describe SpaceX's conduct as *negligent*, not purposeful. The mere emission of waves from outside of the forum state that reach into the forum state is insufficient to establish specific jurisdiction. *Cf. Johnson v. Arden*, 614 F.3d 785, 797 (8th Cir. 2010) (noting that "mere effects in the forum state are insufficient to confer personal jurisdiction" and holding that intentionally posting an allegedly injurious statement on a website that can be accessed in the forum state was insufficient to establish personal jurisdiction in the forum state).

In sum, given SpaceX's lack of meaningful contacts with Iowa, it would be unconstitutional for this Court to exercise personal jurisdiction over SpaceX.

## B. The Court Lacks Subject Matter Jurisdiction To Hear A Clearly Delusional Complaint Comprising Incredible Allegations.

Federal courts do not have subject matter jurisdiction over claims based on patently fictitious allegations. *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989). Here, Plaintiff baldly

alleges that SpaceX somehow allowed some form of electromagnetic beam and/or somehow sent "pain waves" from a rocket (travelling from the Florida coast to the International Space Station) to a basement in a town in Iowa over a thousand miles away, where they were then routed through a laptop or other unidentified "wireless Products" into Plaintiff's brain, causing it to "vibrate for 15 to 20 seconds." This is precisely the type of nonsensical claim that courts routinely dismiss for lack of subject matter jurisdiction. *See, e.g., Watkins v. Fed. Bureau of Invest.*, 2015 WL 339584 (W.D. Ky. 2015) (dismissing for lack of subject matter jurisdiction complaint based on fantastical allegations, including that U.S. government "has cameras that see through is wall and clothes", "has been watching him", has made him a "telepathic sex slave", etc.); *Baszak v. Fed. Bureau of Invest.*, 816 F. Supp. 2d 66 (D.D.C. 2011) (dismissing for lack of subject matter jurisdiction complaint based on fantastical allegations); *Thompson v. United States*, 2011 WL 3566782 (E.D. Wash. 2011) (same); *Selvy v. Dep't of Housing and Urban Dev.*, 371 F. Supp. 2d 905 (E.D. Mich. 2005) (same); *O'Brien v. U.S. Dept. of Justice*, 927 F. Supp. 382 (D. Ariz. 1995) (same); *cf. Richards v. Duke Univ.*, 2007 WL 4589770 (D.C. Cir. 2007) (noting that district court "properly determined that the claims, alleging bizarre conspiracy theories, are the sort of fanciful and fictitious claims that would warrant dismissal for lack of subject matter jurisdiction"). The Court should do the same here.

## C. The Complaint Fails to State a Claim Against SpaceX Under Either 42 U.S.C. § 1983 or 42 U.S.C. § 1985.

### a. 42 U.S.C. § 1983

Plaintiff cannot bring a claim under 42 U.S.C. § 1983 against a private company like SpaceX unless SpaceX's conduct is such that it must "be treated as if a State had caused it to be performed." *Americans United for Separation of Church and State v. Prison Fellowship*

*Ministries*, 509 F.3d 406, 422 (8th Cir. 2007). "The Supreme Court has developed three tests for determining the existence of state action in a particular case: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Chapman v Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). Plaintiff cannot establish that SpaceX was a state actor under any of them.

To prevail under the public function test, Plaintiff must prove that SpaceX "exercised powers which are traditionally exclusively reserved to the state." *Wolotsky v. Huhn*, 960 F.3d 1331, 1335 (6th Cir. 1992). Launching rockets is not exclusively a state function. SpaceX and other private companies perform launches regularly for both governmental and commercial clients; indeed, Congress passed the Commercial Space Launch Act precisely to regulate launches by private entities. See 51 U.S.C. §§ 50901 – 50923.

To prevail under the state compulsion test, Plaintiff must prove that a state "exercised such coercive power [over] or provided such significant encouragement [to SpaceX], either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky*, 960 F.3d at 1335. Here, NASA certainly did not coerce SpaceX to perform under the COTs program; SpaceX voluntarily participated in the program.

To prevail under the symbiotic relationship or nexus test, Plaintiff would have to show that "there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." The complaint makes some bald, conclusory (and largely incomprehensible) assertions about the relationship between NASA and SpaceX, e.g., that NASA "has a partnership with SpaceX by agreements, and or user program usage." (Compl. ¶ 4.) But ultimately the basis for Plaintiff's claim appears to be conduct that SpaceX engaged in while performing the May 22, 2012, COTS launch under contract

with NASA. That contract required SpaceX to demonstrate that it had the capability to launch a capsule with a cargo payload, dock it with the International Space Station, and return it to Earth. While NASA provided the contract requirements, SpaceX was obligated to perform them on its own (and it did so). But the "acts of private contractors do not become acts of the State simply because they are performing public contracts." *Kach v. Hose*, 589 F.3d 626, 648 (2ᵈ Cir. 2009); *see also Wittner v. Banner Health*, 720 F.3d 770, 778 (10th Cir. 2013) (citations omitted). If SpaceX were held to have acted as the state in performing the COTS launch for NASA, it would be hard to imagine any government contractor whose performance of obligations under government contracts was not imputable to the state for purposes of Section 1983; that is not what the law envisions.

### b.  42 U.S.C. § 1985

Most of Section 1985 is patently and wholly inapplicable, so this motion assumes that Plaintiff's Section 1985 claim is based on Section 1985(3)'s equal protection provisions. To state such a claim, Plaintiff "must allege (1) a conspiracy; (2) for the purpose of depriving [him] of the equal protection either directly or indirectly of her civil rights; (3) that a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right." *Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03 (1971)). Moreover, "a claim under this part of the section also requires proof of a class-based animus." *Id.* at 758. Plaintiff has failed to allege any facts to support a finding that SpaceX conspired to deprive him of a federal right or that he was in fact deprived of a federal right or that SpaceX acted with any class-based animus. Accordingly, his complaint does not allege facts sufficient to state a claim under 42 U.S.C. § 1985.

## III. CONCLUSION

For the foregoing reasons, defendant SpaceX requests that this Court dismiss all of Plaintiff's

claims against it.

Respectfully Submitted,

Christopher Cardaci, Senior Counsel
Space Exploration Technologies Corp., *pro se*
1030 15th Street NW Suite 220E
Washington DC 20005
202-649-2716 (o)
202-285-8834 (m)
Christopher.Cardaci@SpaceX.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "MEMORANDUM IN SUPPORT OF DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION TO DISMISS" was mailed to the parties to this action on December 16, 2015, at the following addresses:

Calvin Hammock
5106 Brown Street
Davenport, IA 52806

NASA
Charles Bolden, Administrator
300 E Street, NW
Washington DC 20024-3210

Department of Defense
Secretary of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

Apple
1 Infinite Loop
Cupertino, CA 95014

Blackberry (Curve) Corporation
6700 Knoll Ctr Pkwy, #200
Pleasanton, CA 94566

Mediacom WiFi
One Mediacom Way
Mediacom Park, NY 10918

American Water Iowa
1025 Laurel Oak Rd
Vorhees, NJ 08043


Christopher Cardaci, Senior Counsel
Space Exploration Technologies Corp., *pro se*
1030 15th Street NW Suite 220E
Washington DC 20005
202-649-2716 (o)
202-285-8834 (m)