# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF IOWA

Calvin Hammock
5106 Brown Street
Davenport, Iowa 52806

    Plaintiff/ Petitioner
        Pro Se

vs

**BRIEF RESISTING**

**DEFENDANT VIRGIN MOBILE,**

**DEFENDANT APPLE,**

**AND DEFENDANT**

**MEDIACOM (MCC IOWA LLC)**

**MOTIONS TO DISMISS**

RECEIVED DEC 21 2015 CLERK OF DISTRICT COURT SOUTHERN DISTRICT OF IOWA

NASA HEADQUARTERS, DEPARTMENT OF DEFENSE, SPACE EXPLORATION TECHNOLOGIES SPACE X, APPLE, BLACKBERRY, CURVE CORP. VIRGIN MOBILE, MEDIACOM MCC IOWA LLC, AMERICAN WATER IOWA , ANY YET UN-IDENTIFIED ENTITIES , PERSONS, SATELLITES, GOVT AGENCIES, GOVT. TECHNOLOGIES, INTERAGENCIES, FUSION CENTER PARTICIPANT PARTNERS CORPORATIONS, COMPANIES, SOFTWARE USED BY AND WITH STATE ACTORS & TEMPORARY STATE ACTORS        **DEFENDANTS**

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................2, 3

LEGAL STANDARD .......................................................................4

SUMMARY ................................................................................5,6,7

ARGUMENT

  1. PLAINTIFF HAS REACHED THE THRESHOLD OF STATING A

     CLAIM..................................................................................7

  2. LOCAL RULES BARS DEFENDANT SPACE X MOTION

     TO DISMISS........................................................................7,8

  3., 4., FED. R. CIV. PROC. 8(6) SPACE EXPLORATION TECHNOLOGY

     AND BLACKBERRY CORP. REFUSAL TO ANSWER WITHIN 21

     OF PLAINTIFFS COMPLAINT ACCEPTS PLAINTFFS

     ALLEGATIONS .................................................................8,9

  5.,6., PLAINTIFF CITES PATENTED TECHNOLOGY SHOWING

     ABILITY TO MANIPULATE PLAINTIFFS NERVOUS SYSTEM

     THROUGH DEFENDANT PRODUCTS AND SERVICES...................9,10

## TABLE OF CONTENTS CONTINUED

  7. PLAINTIFFS ALLEGATIONS IN COMPLAINT HAVE BEEN

ACCEPTED PER FED. R. CIV. PROC. 8(6) BY 2 OF THE DEFENDANTS SPACE X AND BLACKBERRY..........................10,11

8. PLAINTIFF FILED FEDERAL CLAIM FORM 95 WITHIN THE 2 YEAR STATUTE OF LIMITATION TO GOVT AGENCIES NASA AND THE DEPARTMENT OF DEFENSE..........................11,12

9. PLAIINTFF PRESENTS EVIDENCE IN ACCORDANCE WITH FED. RULES OF EVIDENCE 301 SHOWING THE MILITARY 'ELECTRONIC BATTLE CAPABILITY" FULLY BEING ABLE TO ACCESS THE ELECTROMAGNETIC SPECTRUM WITHIN WHICH DEFENDANT PRODUCTS AND SERVICES OPERATE..........................12,13

10. PLAINTIFF ESTABLISHES 42 USC 1985(3) IS APPLICABLE AGAINST PRIVATE ACTORS WHOSE PRODUCTS AND SERVICES ARE ACCESSED KNOWINGLY AND UNKNOWINGLY BY THOSE ACTING UNDER COLOR OF LAW............................13, 14

CONCLUSION ...............................................................................14

CERTIFICATE OF SERVICE...................................................................15

EVIDENCE FOR CONSIDERATION PER FED. R. EVIDENCE 301 UNCLASSIFIED "ELECTROMAGNETIC BATTLE MANAGEMENT". DOC. BY MAJOR JAY YNIGUEZ( Pgs 1,2,3,16, 18 of doc is).......16-20

## LEGAL STANDARD

FED R. CIV. P. 12(a)(1)(A)(i)..................................................................7

FED. R. CIV. P. 8 (6) ...............................................................7, 8, 9, 10

LOCAL DISTRICT COURT RULE 5.2. l, 1................................................8

FED. R. CIV. P. 6 (b)(2).)......................................................................8

JOHNSON v CITY OF SHELBY 135 S.CT 346 (2014) ............................9

FED. R. CIV. P. 8 (a)(2)........................................................................9

FED RULES OF EVIDENCE 301............................................................12

42 USC § 1985 (3)...............................................................................13

18 USC §,§, 241, 242............................................................................13

18 USC §, §, 2340, 2340a.....................................................................13

18 USC § 113......................................................................................13

GRIFFIN v BRECKENRIDGE 403 US 88.................................................13

# BRIEF RESISITING
# DEFENDANT VIRGIN MOBILE
# DEFENDANT APPLE
# AND DEFENDANT
# MEDIACOM (MCC IOWA LLC)
# MOTIONS TO DISMISS

## SUMMARY

Plaintiff filed a Federal Complaint against VIRGIN MOBILE, APPLE, SPACE EXPLORATIONS, BLACKBERRY , MEDIACOM (MCC IOWA LLC'S) IOWA AMERICAN WATER and those actor under color of law NASA and THE DEFENSE DEPARTMENT, and other yet unidentified defendants for causing injuries to Plaintiff while Plaintiff was using defendant products and services. The initiation of Plaintiffs injuries started with a NASA SPACE X collaborated liftoff launch. At the gist of Plaintiff's complaint is heterodyned (piggybacked) signals and frequencies were used to attack plaintiff within the electromagnetic spectrum using defendant products and services with and by those acting under color of law ( NASA ),

DOD to assault Plaintiffs nervous system and deliver shocks and voices to Plaintiffs head and body. Plaintiff has supplied in his complaint Patented technologies that shows the ability to manipulate Plaintiffs nervous system by electromagnetic fields from monitors, deliver burning sensations to Plaintiff's body and the ability to monitor Plaintiff's brain wave activity by satellite in concert with defendant products and services, using wifi, cellular signal, and other known and not known classified technology that is able to heterodyne signals and frequencies by those acting under color of law in concert with Defendant products and services .

Defendants have stated Plaintiff is time barred cause it has been more than 2 years since Plaintiff complained of initial injury that began Plaintiffs continual injuries. Plaintiff's Federal Claim form 95 has been languishing within NASA and the DEPARTMENT OF DEFENSE as it was filed within the 2 year statute of limitation. Plaintiffs Federal Claim listed the included named private partner defendants on the federal claim form 95 as those acting in agreement through their products and or services knowingly and or unknowingly with those acting under color of law.

Defendants Virgin Mobile, Apple and Mediacom (MCC IOWA LLC) have filed a Motion to Dismiss Plaintiffs complaint on the grounds of being delusional fantastical and failing to state a claim upon which relief can be

granted. Plaintiff is now filing a Brief resisting Defendant Virgin Mobiles, APPLE and Mediacom (MCC IOWA LLC) motion to dismiss.

## ARGUMENT

### 1. PLAINTIFF HAS REACHED THRESHOLD OF STATING A CLAIM.

1. Plaintiff has reached the threshold of stating a claim as thus far 2 of the defendants Space Explorations Technologies and Blackberry Curve Corporation have failed to file a responsive pleading within 21 days as required by FEDERAL RULES OF CIVIL PROCEDURE 12(a)(1)(A)(i), and the effect of not filing a responsive pleading within 21 days per FEDERAL RULE OF CIVIL PROCEDURE states at Rule 8 (6) *EFFECT OF FAILING TO DENY* "*An allegation other than one relating to the amount of damages is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.*"

### 2. LOCAL RULES BARS DEFENDANT SPACE X MOTION TO DISMISS

7

2. Local Federal Rules of the court according to Local Court Rules of THE UNITED STATES DISTRICT COURT FOR THE NORTHERN AND SOUTHERN DISTRICT OF IOWA Rule 5.2 at:

1. **Technical Failures**

**1. Jurisdictional Filing Deadline.** Some deadlines in the Federal Rules of Civil, Criminal , and Appellate Procedure are jurisdictional and cannot be extended. (*See, e.g.*, Fed. R. Civ. P 6 (b)(2).) It is the filer's responsibility to ensure, by whatever means necessary, that a document is filed timely to comply with jurisdictional deadlines. A technical failure, including a failure of the ECF system, will not excuse the filer from compliance with a jurisdictional deadline.

**3., 4., PER FED. R. CIV. PROC. 8 (6) SPACE EXPLORATION TECHNOLOGY AND BLACKBERRY CORP REFUSAL TO ANSWER WITHIN 21 DAYS OF PLAINTIFFS COMPLAINT ACCEPTS PLAINTIFFS ALLEGATIONS**

Plaintiffs allegations are to be admitted by 2 of the defendants Space X and Blackberry per Federal Rules of Civil Procedure 8 (6) and Local Federal Jurisdictional Rules for the United States District Court for the Northern and Southern District of Iowa Local Rule 5.2 l, 1. Not only does this allow

Plaintiff to survive the defendants cited Twombly and Iqbal test but the Supreme Court has issued the standard in The Supreme Court of The United States decision Per Curiam in Johnson v. City of Shelby 135 S.Ct 346 (2014) which reiterated the Pleading standard provided by Federal Rules of Civil Procedure 8 (a) (2) pursuant to which a Plaintiff must provide a "short and plain statement showing that the pleader is entitled to relief. Fed. Rule Civ. Pro. 8(a)(2) they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."

4. Plaintiff has asserted in his complaint that is now accepted by Blackberry and Space X per FRCP 8 (6) that VIRGIN MOBILES wireless cellular technology through Blackberry curve cellular signals were heterodyned by those acting under color of law in a knowing or unknowing partnership with a private companies services Virgin Mobile Cellular to assault Plaintiff using cellular signals and frequencies within the electromagnetic spectrum.

**5.,6., PLAINTIFF CITES PATENTED TECHNOLOGY SHOWING ABILITY TO MANIPULATE PLAINTIFFS NERVOUS SYSTEM THORUGH DEFEDANT PRODUCT AND SERVICES.**

5. Plaintiff has asserted defendant Apple's products i.e. Laptop has been used to injure Plaintiffs cerebellum by manipulating Plaintiffs nervous system through the electromagnetic field from the Apple Monitor, using like technology as Patent 6506148 that was able to physiologically assault Plaintiff using signals and frequencies within the electromagnetic spectrum in concert knowingly or unknowingly by and with those acting under color of law.

6. Plaintiff has asserted that Defendant Mediacom MCC IOWA LLC wifi signals and frequencies were used to assault Plaintiffs psychologically and physically by those services being able to be accessed and used as a weapon to assault plaintiff within and from the electromagnetic spectrum in concert knowingly or unknowingly with and by those acting under color of law.

## 7. PLAINTIFF'S ALLEGATIONS IN COMPLAINT HAS BEEN ACCEPTED PER FED. R. CIV. PROC. 8 (6) BY 2 OF THE DEFENDANTS SPACE X AND BLACKBERRY

7. Plaintiffs claims are to be accepted per FEDERAL RULES OF CIVIL PROCEDURE at 8 (6). Plaintiffs complaint states the Private defendants became temporary state actors in partnership with those acting under color of law knowingly and unknowingly when Plaintiff was injured. If

Defendants state they did not know their products and services were being used by those acting under color of law and did not know that they themselves were part of an unknown agreement then that is not the Plaintiffs fault.

## 8. PLAINTIFF FILED FEDERAL CLAIM FORM 95 WITHIN 2 YEAR STATUTE OF LIMITATION TO GOVERNMENT AGENCIES NASA AND DEPARTMENT OF DEFENSE.

8.   Plaintiff's complaint on Federal Claim form 95 was sent to the Department of Defense and NASA on February 7, 2014 within the 2 year statute of limitations with the names of the Defendants, their products, services, and description of what happened to Plaintiff. Plaintiff stated what products and services that were part of Plaintiffs injury that began in concert with those acting under color of law. Plaintiffs claim has been languishing since being mailed in February 2014 and no decision has been made within Federal Agencies in regards to Plaintiffs claim. Plaintiff has now brought his complaint into the UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA for resolution as there has not been any decision on Plaintiffs claim made within any Federal Agencies

of The UNITED STATES GOVERNMENT that Plaintiff has sent complaints to as exhibited in Plaintiffs complaint.

## 9. PLAINTIFF PRESENTS EVIDENCE IN ACCORDANCE WITH FEDERAL RULES OF EVIDENCE 301 SHOWING THE MILITARY "ELECTRONIC BATTLE CAPABILITY" FULLY BEING ABLE TO ACCESS THE ELECTROMAGNETIC SPECTRUM WITHIN WHICH DEFENDANT PRODUCTS AND SERVICES OPERATE.

9.  Plaintiff presents evidence in this MOTION RESISTING ALL DEFENDANTS MOTION TO DISMISS, in accordance with The FEDERAL RULES OF EVIDENCE 301 that also verifies the veracity of Plaintiffs claims and is not delusional or fantastical and documentary evidence exists and Plaintiff has attached an unclassified document by Major Jay Yniguez of the Joint Electronic Warfare Center of The United States Strategic Command titled 'ELECTRONIC BATTLE MANAGEMENT,' page 1, page 2, page 3, page 16, page 18 of said document shows an illustrated capability of military technology thus allowing defendant products and services to be used knowingly and unknowingly in cooperation with those acting under color of law to harm Plaintiff and then have a policy to deny it as illustrated

on Page 3 on the right hand side of document over the AIR section are the words ATTACK/ DENY.

## 10. PLAINTIFF ESTABLISHES THAT 42 USC 1985 (3) IS APPLICABLE AGAINST PRIVATE ACTORS WHOSE PRODUCT AND SERVICES ARE ACCESSED KNOWINGLY AND OR UNKNOWINGLY BY THOSE ACTING UNDER COLOR OF LAW

10.    PLAINTIFF has stated those acting under color of law have violated Plaintiffs civil rights in violation of Civil Rights Statute 18 USC section 241, 242 and Federal Torture Statute 18 USC section 2340, and 2340a as well as Federal Assault Statute 18 USC section 113 in concert with defendant private products and services knowingly and or unknowingly violating defendant constitutional rights as stated in the Complaint. A civil rights lawsuit is allowed against private parties as stated in Griffin v Breckenridge 403 US 88. The United States Supreme Court has held 42 USC section 1985 (3) does not require state action but also reaches private conspiracies. Plaintiff has shown more by showing there was state action and private action with defendant products and services that caused Plaintiffs injuries. At best defendants can claim not knowing their products and services were being infiltrated by those acting under color of law and used as part of a

conspiracy to deprive Plaintiff of rights mandated by statute and constitution, but even in that Defendant private parties products and services were used to deliver injuries to Plaintiff and Defendants owed Plaintiff a duty of care not to allow their products and services to be accessed within the electromagnetic spectrum by those operating under color of law to deliver shocks and assaults to Plaintiff.

## CONCLUSION

WHEREFORE Plaintiff so moves this court to deny Defendant Virgin Mobiles, Apple, and Mediacom (MCC IOWA LLC) Motions to Dismiss.

Date December 21, 2015

NOTARY:

ANALLELI ROLOFF
Commission Number 790335
My Commission Expires
6-5-18

14

## CERTIFICATE OF SERVICE

I hereby certify that I am placing in the U.S. mail by certified mail a copy of Plaintiffs RESPONSE TO DEFENDANT VRIGIN MOBILE, APPLE, AND MEDIACOM (MCC IOWA LLC) MOTIONS TO DISMISS to all Defendants and or attorneys today December 18, 2015 after filing with the Clerk of the Court at THE UNITED STATES DISTRICT COURT OF IOWA.

Date December 21, 2015

Notary:

Subscribed and sworn on December 21, 2015

ANALLELI ROLOFF
Commission Number 790335
My Commission Expires
6-5-18

15




# Electromagnetic Battle Management

**Major Jay Yniguez (E**-knee-guess**)**
Lead EW Engineer
Future Capabilities Division
Joint Electronic Warfare Center
United States Strategic Command
Lackland Air Force Base, Texas

This presentation is
**UNCLASSIFIED**

# Congested & Contested EM Spectrum




**ADVERSARY FACTORS**
- DE (EMP, HPM, laser)
- DRFM
- AESA
- MMW
- Advanced C2 nets
- Weaponized COTS
- Proliferation

**Investment $Billions to collect Information:**
- AIR
- LAND
- SEA
- SPACE
- CYBER-SPACE

*MANEUVER EMS SPACE*

**Investment $Billions on Capabilities that use the information:**
- LAND EW
- AIRCRAFT
- C4 NETS
- SHIPS
- GEN-5
- PGM
- AESA
- PNT

**CIVIL / COMMERCIAL**
- IEEE Standards
- Speed
- Wireless
- Spread-spectrum
- Low Cost

MCO — Contested EMS
IW — Congested EMS



J2  J3  J6

## We *assume* full EMS access







# EMBM Requirement

- **2009 Electronic Warfare Initial Capabilities Document**
  - Approved by Joint Requirements Oversight Council Memorandum 177-09
  - Repeatedly states the need for the battle management of systems in the EMS

- **COCOM and JTF requirements for EMS dependant systems are increasing**

- **The electromagnetic operational environment (EMOE) has changed considerably**



Electronic Warfare Initial Capabilities Document (ICD)

Validation Authority: JROC
Approval Authority: JROC
Milestone Decision Authority: Multiple
Designation: JROC Interest
Prepared per JROCM 190-08
Approved per JROCM 177-09
Version 1.0, 30 Oct 2009

pg 3




# Joint Definitions

- **Electromagnetic Spectrum Control (EMSC)**
  - The coordinated execution of joint electromagnetic spectrum operations with other lethal and nonlethal operations that enable freedom of action in the electromagnetic operational environment.

- **Joint Electromagnetic Spectrum Operations (JEMSO)**
  - Those activities consisting of electronic warfare (EW) and joint electromagnetic spectrum management operations (JEMSMO) used to exploit, attack, protect, and manage the electromagnetic operational environment to achieve the commander's objectives.

- **Electromagnetic Battle Management (EMBM)**
  - The dynamic monitoring, assessing, planning and directing of JEMSO in support of the commander's scheme of maneuver.

**Draft JP 3-13.1 *EW* / JP 6-01 *JEMSMO***



# Questions




**Contact Information:**
Major Jay Yniguez
Lead EW Engineer, Future Capabilities Division
Joint Electronic Warfare Center
Commercial: (210) 977-2172 (DSN: 969)
Email UNCLASS: julian.yniguez@us.af.mil
Email SIPR: julian.yniguez@jiowc.smil.mil
Email JWICS: julian.yniguez@jiowc.ic.gov







Presentation was UNCLASSIFIED