IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| CALVIN HAMMOCK, | ) | No. 3:15-cv-00111-CRW-CFB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NASA HEADQUARTERS, DEPARTMENT OF DEFENSE, SPACE EXPLORATION TECHNOLOGIES SPACE X, APPLE, BLACKBERRY (CURVE) CORPORATION, VIRGIN MOBILE, MEDIACOM WIFI, AMERICAN WATER IOWA, ANY YET UN-IDENTIFIED ENTITIES, PERSONS, SATELLITES, GOVT. AGENCIES, GOVT. TECHNOLOGIES, INTER AGENCIES, FUSION CENTER PARTICIPANT PARTNERS CORPORATIONS, COMPANIES, SOFTWARE USED BY AND WITH STATE ACTORS AND TEMPORARY STATE ACTORS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) ) | |
| Defendants. | ) | |

---

**APPLE INC.'S REPLY TO PLAINTIFF'S RESISTANCE TO MOTION TO DISMISS**

---

Defendant Apple Inc. ("Apple") submits the following Reply to Plaintiff Calvin Hammock's ("Mr. Hammock") Resistance (*Dkt No. 25*) to Apple's Motion to Dismiss (*Dkt. No. 11*) Complaint with Jury Demand ("Complaint") (*Dkt. No. 1*) as against Apple.

**ARGUMENT**

Mr. Hammock's arguments regarding when he filed or sought administrative proceedings against U.S. Government entities have no bearing on the conclusion that the two-year statute of limitation on the claims against Apple (measured from the May 22, 2012 injury date stated in the Complaint) expired before filing of the Complaint.  Administrative complaints submitted as part of the Federal Tort Claims Act do not toll the statute of limitations on claims against private entities such as Apple.  *See Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 933 F. Supp. 2d 58, 74 (D.D.C. 2013), *appeal dismissed* (Apr. 16, 2013) ("Plaintiff provides no authority for the proposition that the FTCA statute of limitations (which applies to actions *against the United States,* 28 U.S.C. § 2401(a)) governs . . . insofar as it is asserted against . . . a non-federal defendant, and this Court is aware of none." (emphasis present)).  As a result, an alleged administrative complaint filed with the Department of Defense or NASA, (*Dkt. No. 25* at 11), did not prevent the limitations period from expiring on May 22, 2014, well before the Complaint was filed on October 16, 2015.  IOWA CODE § 614.1(2). *See also Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (noting that a F. R. CIV. P. 12(b)(6) motion to dismiss is proper when the face of the Complaint shows the limitation has run).

Although it muddles the issues relating to the 42 U.S.C. §§ 1983 and 1985 claims, the Resistance does not otherwise raise any arguments that are not fully disposed of by Apple's opening Brief. (*Dkt. No. 11*).  The expiration of the statute of limitation, the lack of sufficient allegations to support a § 1983 or § 1985 claim, the failure to plead a tort cause of action, and the lack of subject matter jurisdiction due to the facially implausible factual theory each separately and independently require dismissal of all claims against Apple.

WHEREFORE, Apple Inc. requests that the Court dismiss all claims against Apple Inc. with prejudice.

Date: December 28, 2015

/s/ Philip A. Burian  
PHILIP A. BURIAN  
*Simmons Perrine Moyer Bergman PLC*  
115 Third Street SE, Suite 1200  
Cedar Rapids, IA  52401  
Phone: 319-366-7641  
Facsimile: 319-366-1917  
E-Mail:  pburian@simmonsperrine.com

*ATTORNEYS FOR APPLE INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2015, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following counsel of record:

Terri L. Combs  
Faegre Baker Daniels, LLP  
801 Grand Avenue  
33rd Floor  
Des Moines, IA 50309  
terri.combs@faegrebd.com  
*Attorney for Defendant MCC Iowa, LLC, d/b/a Mediacom*

Michael R. Reck  
Kelsey J. Knowles  
Espnola F. Cartmill  
Belin McCormick, P.C.  
666 Walnut Street  
Suite 2000  
Des Moines, IA 50309-3989  
mrreck@belinmccormick.com  
kjknowles@belinmccormick.com  
efcartmill@belinmccormick.com  
*Attorneys for Virgin Mobile*

I hereby certify that on December 28, 2015, I transmitted the foregoing by U.S. mail to the following:

Calvin Hammock
5106 Brown Street
Davenport, IA 52806
*Plaintiff*

Christopher Cardaci
Space Exploration Technologies Corp.
1030 15th Street NW Suite 220E
Washington, DC 20005
Phone: 202-649-2716
*Attorney for Space Exploration Technologies Corp.*

                        /s/ Philip A. Burian
                        Philip A. Burian