UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION



Calvin Hammock,

    **Plaintiff**

v.

NASA Headquarters, et al.,

    **Defendants**

No. 3:15 CV 00111 CRW-CFB

## REPLY IN SUPPORT OF DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION TO DISMISS

In responding to Defendant Space Exploration Technologies Corp.'s ("SpaceX") Motion to Dismiss, Plaintiff does not dispute the merits of any of SpaceX's arguments: Plaintiff does not deny that (1) this Court lacks personal jurisdiction over SpaceX; (2) this Court lacks subject matter jurisdiction over Plaintiff's claims, which are based entirely on bizarre, delusional, and physically implausible factual allegations; and (3) the complaint fails to state a claim under either of the identified statutory bases for his complaint, 42 U.S.C. § 1983 or 42 U.S.C. § 1985. Plaintiff instead invites the Court simply not to consider them on the grounds that they were filed more than twenty-one days after SpaceX was served with the Complaint. The Court should reject this invitation.

First, SpaceX's motion to dismiss for lack of subject matter jurisdiction is not out of time, as the question of subject matter jurisdiction can—and should—be raised at any point during the litigation of a civil dispute in federal court; indeed, a federal court is obliged to dismiss an action at any point in the proceedings—*sua sponte* if necessary—that the court determines it lacks subject matter jurisdiction over the case.

Second, even if SpaceX's motion to dismiss for failure to state a claim were out of time, the Court could consider it as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See Nanomech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir. 2015).

Third, Plaintiff's argument—that by filing its motion to dismiss a few days after the twenty-one day deadline set by Fed. R. Civ. P. 12(a)(1)(A)(i) for serving an answer, SpaceX must be deemed to have admitted the allegations in Plaintiff's Complaint—is essentially a request for the entry of default judgment. Federal courts eschew default judgments and routinely grant defendants additional time beyond twenty-one days to respond to a complaint, particularly where the defendant shows good cause, where the delay is small, and/or where there is no unfair prejudice to the plaintiff. *See Higgins v. Dankiw*, 2008 WL 2565110 at *2 (D. Neb. 2008).

Here, as explained in SpaceX's supporting memorandum (Mem. ISO Mot. to Dismiss at 3, n.1), there was good cause, including Plaintiff's own failure to abide by the Local Rules. Specifically, after filing his original complaint on October 16, Plaintiff filed a purported amended complaint that was not a stand-alone document as required by LR 15 and then confusingly served the original complaint along with numerous exhibits totaling 99 pages of material, amongst which he inserted the purported amended complaint. SpaceX understandably failed to notice that the purported amended complaint—which again is not a stand-alone complaint at all—was actually buried among the 99 pages of materials. Instead, when SpaceX was served with the original complaint and saw on the court docket that an amended complaint had already been filed, SpaceX assumed that Plaintiff would serve SpaceX separately with that amended complaint, at which point SpaceX would have time to respond. It was only after receiving Plaintiff's motion for default

judgment[1] that SpaceX realized that Plaintiff's purported amended complaint had been included along with the original complaint in the package delivered to SpaceX on November 18, 2015. Under such circumstances, where SpaceX's need for additional time results from confusion of the Plaintiff's own making, it would be unwarranted and unjust not to permit SpaceX a few additional days to raise such fundamental defenses as it has raised in its Motion to Dismiss.

Moreover, Plaintiff has not even attempted to argue—and cannot realistically argue—that he would be unfairly prejudiced by the Court's considering the merits of SpaceX's motion to dismiss. The alleged facts giving rise to his purported injuries occurred many years ago; it is hard to imagine how a few additional days could be prejudicial, especially when most defendants apparently have not even been served or made an appearance. But in any event, there could be no prejudice from hearing these defenses because, as explained in its motion, SpaceX could still raise the very same arguments—lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim—using different procedural vehicles, meaning the Plaintiff and the Court will have to address these issues at some point. See Fed. R. Civ. P. 12(h)(3) (a court must dismiss an action for lack of subject matter jurisdiction at any point in a proceeding); Fed. R. Civ. P. 12(c) (SpaceX can move for judgment on the pleadings outside of 21-day period for filing 12(b)(6) motion); *Printed Media Servs., Inc. v Solna Web, Inc.*, 11 F.3d 838, 842 (8th Cir. 1993) ("default judgment entered without personal jurisdiction is void and can be attacked at any time either directly in the rendering court or through collateral attack upon enforcement of the judgment").

---

[1] Plaintiff's motion for default judgment is improper and should be denied because no default was ever entered against SpaceX.

In sum, the Court should consider SpaceX's Motion to Dismiss and for the reasons set forth therein—which Plaintiff does not dispute—dismiss this action as against SpaceX.

Respectfully Submitted,

_____
Christopher Cardaci, Senior Counsel
Space Exploration Technologies Corp., *pro se*
1030 15th Street NW Suite 220E
Washington DC 20005
202-649-2716 (o)
202-285-8834 (m)
Christopher.Cardaci@SpaceX.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "REPLY IN SUPPORT OF DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION TO DISMISS" was mailed to the parties to this action on December 28, 2015, at the following addresses:

Calvin Hammock
5106 Brown Street
Davenport, IA 52806

NASA
Charles Bolden, Administrator
300 E Street, NW
Washington DC 20024-3210

Department of Defense
Secretary of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

Apple
1 Infinite Loop
Cupertino, CA 95014

Blackberry (Curve) Corporation
6700 Knoll Ctr Pkwy, #200
Pleasanton, CA 94566

Mediacom WiFi
One Mediacom Way
Mediacom Park, NY 10918

American Water Iowa
1025 Laurel Oak Rd
Vorhees, NJ 08043

_____
Christopher Cardaci, Senior Counsel
Space Exploration Technologies Corp., *pro se*
1030 15th Street NW Suite 220E
Washington DC 20005
202-649-2716 (o)
202-285-8834 (m)