# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF IOWA



Calvin Hammock
5106 Brown Street
Davenport, Iowa 52806

      Plaintiff/ Petitioner
           Pro Se

            Case No. 3:15-cv-00111-JAJ-CFB

**PLAINTIFF'S RESPONSE TO DEFENDANT**

**MEDIACOMS (MCC IOWA LLC) REPLY**

**TO PLAINTIFF'S RESISTANCE BRIEF**

  vs

NASA HEADQUARTERS, DEPARTMENT
OF DEFENSE, SPACE EXPLORATION
TECHNOLOGIES SPACE X, APPLE,
BLACKBERRY, CURVE CORP. VIRGIN
MOBILE, MEDIACOM MCC IOWA LLC,
AMERICAN WATER IOWA , ANY YET UN-
IDENTIFIED ENTITIES , PERSONS,
SATELLITES, GOVT AGENCIES, GOVT.
TECHNOLOGIES, INTERAGENCIES, FUSION
CENTER PARTICIPANT PARTNERS
CORPORATIONS, COMPANIES, SOFTWARE USED
BY AND WITH STATE ACTORS & TEMPORARY
STATE ACTORS     **DEFENDANTS**

1

## PLAINTIFF'S RESPONSE TO DEFENDANT MEDIACOMS (MCC IOWA LLC) REPLY TO PLAINTIFF'S RESISTANCE BRIEF

NOW COMES Plaintiff in response to Defendant Mediacom's Reply Brief to Plaintiff's resistance Brief.

### ARGUMENT

NOW COMES Plaintiff in response to Defendant MEDIACOMS response to Plaintiffs resistance to Defendants Motions to Dismiss Plaintiffs complaint. As a reminder to Defendants and RESPECTFULLY to The Court, Plaintiffs injuries started on May 22, 2012 and has been continual as stated in the complaint while using defendants MEDIACOM wifi services. Plaintiff has alleged in the complaint that the degrees of injury have been different. The beginnings of plaintiffs injuries started on May 22, 2012 during the NASA Space X collaborated liftoff and have been continual.

At number 23 of Plaintiffs complaint Plaintiff stated he has suffered daily.

At number 24 of complaint Plaintiff stated Plaintiff did not know what was happening for quite sometime and these frequency assaults were interfering with Plaintiffs right to petition and redress govt for factual grievances.

It must be noted that the same mediacom wifi services that Plaintiff is using to do research now at his home on 5106 Brown Street in Davenport Iowa is the same wifi services Plaintiff was using at 1911 Valley Drive in Davenport, Iowa during HAMMOCK V. JENSEN that was ruled in finality by the U.S. Supreme Court in 2014 where these things were happening and still are happening although now to a lesser degree. Plaintiff explained to the U.S. Supreme Court after Plaintiff's filed Petition for Writ of Certiorari was denied on June 23, 2014, Plaintiff asked for re-hearing on July 16, 2014 based on continual signal assaults during the case no. 13-9716 Hammock v Jensen which Plaintiff explained as grounds for intervening circumstances that have a substantial controlling effect. It also was denied. Plaintiff believes the various attacks from and within the electromagnetic spectrum by stealth were done to prohibit Plaintiff from filing lawsuits against the govt.

On Page 5 of complaint in the Nature of Proceeding section Plaintiff listed being attacked through wifi networks.

At 14 on page 15 of complaint Plaintiff has stated since the liftoff on May 22, 2012 Plaintiff has felt pain shocks to the body in the areas of the anus, testicles, side of ribcage, heart vibrations, chest and head as some form of microwave maser harassment.

AT 29 of complaint Plaintiff states he fears attacks will increase because of redressing grievances through the U.S. Federal Courts

Defendants erroneously have assumed all injuries are from the one incident of May 22, 2012.

At 34 Plaintiff's complaint Plaintiff references "shocks and microwave voices" since the May 22, 2012 liftoff and even references daily microwave voices when sitting next to Plaintiffs mac book pro which works in concert with mediacom wifi at Plaintiffs home.

At Relief Sought at B., Plaintiff seeks an injunction to prevent defendants from using signal related technology against Plaintiff now and in the future.

Plaintiff is not required to write as a lawyer per Haines v Kerner 404 U.S. 519 (1972) "a pro se complaint however in artfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." Also recent Supreme Court Opinion in Johnson v City of Shelby 574 US ____(2014 ) state "The Federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a

legal theory for the plaintiffs claim of relief.    Plaintiff has provided evidence showing the United States Strategic Command Policy to "ASSUME FULL ACCESS WITHIN THE ELECTROMAGNETIC SPECTRUM." FURTHERMORE, Defendant Mediacom have not provided any statements saying their **"wifi services"** do not operate within the electromagnetic spectrum and cannot be accessed by those operating under color of law to deliver pains, shocks and voices to Plaintiff through the electromagnetic spectrum.

## CONCLUSION

WHEREFORE Plaintiff so moves this Court to deny Defendants motion to dismiss.

Dated: December 29, 2015                  _Calvin Hammock_

## CERTIFICATE OF SERVICE

I hereby certify that I am placing in the U.S. Mail by certified mail a copy of this Response to ALL Defendants and or Attorneys on December 29, 2015.

December 29, 2015                         _Calvin Hammock_

Subscribed and sworn on December 29, 2015   _Amy M. Emery_

                                            NOTARY



AMY M. EMERY
Commission Number 765036
My Commission Expires
10/06/2016

5