IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| CALVIN HAMMOCK,<br><br>　　　Plaintiff,<br><br>v.<br><br>NASA HEADQUARTERS, CHARLES BOLDEN ADMINISTRATOR; DEPARTMENT OF DEFENSE, SECRETARY OF DEFENSE; SPACE EXPLORATION TECHNOLOGIES SPACE X; APPLE; BLACKBERRY (CURVE) CORPORATION; VIRGIN MOBILE; MEDIACOM WIFI; AMERICAN WATER IOWA; ANY YET UN-IDENTIFIED ENTITIES, PERSONS, SATELLITES, GOVT. AGENCIES, GOVT. TECHNOLOGIES, INTER AGENCIES, FUSION CENTER PARTICIPANT PARTNERS CORPORATIONS, COMPANIES, SOFTWARE USED BY AND WITH STATE ACTORS AND TEMPORARY STATE ACTORS,<br><br>　　　Defendants. | Case No. 3:15-cv-111-CRW-CFB<br><br><br><br><br><br><br><br><br><br><br><br>**DEFENDANT VIRGIN MOBILE'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

On December 8, 2015, Defendant Virgin Mobile filed a Motion to Dismiss Plaintiff's Complaint. On December 21, 2015, Plaintiff resisted. In his Resistance, Plaintiff argues that other Defendants' failure to submit a responsive pleading somehow requires the Court to accept his allegations as true with respect to Virgin Mobile and that a copy of a presentation entitled "Electronic Battle Management" somehow establishes his claims are not delusional or fantastical. Because Plaintiff's Complaint contains the same types of claims courts routinely dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and pro se plaintiffs

- 1 -

are not excused from alleging factual support for their claims, Virgin Mobile's Motion should be granted.

## ARGUMENT

I. **Plaintiff's Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.**

"Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Lorretz v. U.S. Gov't*, 2012 WL 6021444, at *2 (D.N.D. Nov. 20, 2012) ("... even a pro se litigant must state enough in terms of the facts and grounds for relief to give the defendant fair notice of what the claim is and to indicate that the right to relief is at least plausible, even if the chances for success are remote."). Where, as here, a pro se litigant fails to meet the pleading standards set forth in Federal Rule of Civil Procedure 8, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), his Complaint should be dismissed. *See Kozikowski v. C.I.R.*, 258 Fed. Appx. 60 (8th Cir. 2007) (citing *Twombly* in support of the decision to dismiss a pro se complaint for failure to plead enough facts to state a claim for relief that is plausible).

In an effort to avoid the deficiencies in his pleading, Plaintiff seeks to rely on other Defendants' failure to file a responsive pleading to have the Court treat the allegations as admitted with respect to Virgin Mobile. Although convenient for the Plaintiff, not only is this not the way pleadings work, *see Travelers Indem. Co. v. Industrial Paper & Packaging Corp.*, 2008 WL 3864857, at *12 (E.D. Tenn. Dec. 18, 2006) ("when multiple defendants are involved, an admission by one defendant is only admitted against that particular defendant but not the others."), but the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Plaintiff's Complaint is devoid of any factual allegations supporting his legal conclusions that Virgin Mobile owed him a duty of care to stop whatever he claims occurred or that the alleged breach of any duty proximately caused Plaintiff any injury. This deficiency rings the death knell for Plaintiff's claims. Contrary to Plaintiff's belief, "the pleading standard Rule 8 announces ... demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Nor could any court believe Plaintiff has a reasonable likelihood of mustering the necessary factual support for his claims because his allegations are so outlandish and implausible. *Slocum v. Corporate Exp. US Inc.*, 2011 WL 1770815, at *4 (N.D. Okla. May 9, 2011) (dismissing similar claims because they "are precisely the type intended to be weeded out by the *Twombly* standard because they have no reasonable prospect of success"); *see also Gossett v. Administration of Bush*, 336 Fed. Appx. 843, 845 (10th Cir. 2009) (finding the plaintiff had not nudged his claims across the line from conceivable to plausible where there was no reasonable probability the plaintiff would be able to produce any evidence in support of his outlandish claims); *Brodzki v. Fox Broad*, 2012 WL 125272, at *2 (D. Del. Jan. 13, 2012) (finding the plaintiff's "fantastical, delusional, irrational, and frivolous allegations" were too conclusory and scant to meet the pleading requirements of *Iqbal* and *Twombly*). Because Plaintiff's Complaint fails to meet the standards set forth in *Iqbal* and *Twombly*, his Complaint should be dismissed.

## II. Plaintiff's Complaint Should Be Dismissed For Lack Of Subject Matter Jurisdiction.

Plaintiff further argues his Complaint should not be dismissed as frivolous or patently insubstantial pursuant to Federal Rule of Civil Procedure 12(b)(1) because the copy of a presentation entitled "Electronic Battle Management" attached to his Resistance somehow

establishes the veracity of his claims. First, "[a] court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). Because the "Electronic Battle Management" presentation was not attached to the Complaint or discussed therein, it should not be considered. Second, even if the Court were inclined to consider the presentation, there is nothing on the face of the presentation referencing Virgin Mobile or offering any evidence that Virgin Mobile's network was used in any way to manipulate Plaintiff's nervous system as Plaintiff alleges. Finally, and most importantly, Plaintiff's claims are nearly identical to the claims containing bizarre conspiracy theories, fantastic government manipulations of will or mind and supernatural interventions courts routinely dismiss under Rule 12(b)(1). For example, in *Watkins v. F.B.I.*, 2015 WL 339584 (W.D. Ky. Jan. 23, 2015), the court dismissed the complaint because it lacked plausible facts, claims or remedies where plaintiff claimed:

> that the government has cameras that see through his walls and clothes; that the government has been watching him since the year 2000; that he has been a 'telepathic sex slave for the government' for over a decade; that he was kidnapped by a CIA agent that he has seen on television; that the police have been watching him for over a decade and have bugged his house; that agents are monitoring his bank account; that he was the subject of racial profiling; and other similar allegations.

*Id.* at 1. Similarly, the court dismissed the plaintiff's claims in *Baszak v. F.B.I.*, 816 F. Supp. 2d 66 (D.D.C. 2011) where the plaintiff alleged, in part, that "the FBI obtained his private information by engaging in long-term and warrantless surveillance through 'intrusive techniques such as video and mental surveillance ... .'" *Id.* at 67. Plaintiff's Complaint against Virgin Mobile also warrants dismissal under Federal Rule of Civil Procedure 12(b)(1).

## Conclusion

For the foregoing reasons, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In addition to the reasons presented in its Motion and this Reply, Virgin Mobile joins in the arguments set forth in Apple's and Medicom's Motions to Dismiss and Replies. All the reasons stated by Apple and Mediacom apply with equal force to Virgin Mobile.

Respectfully submitted,

BELIN McCORMICK, P.C.

By _____   *Lead Counsel*
Michael R. Reck
Kelsey J. Knowles
Espnola F. Cartmill

666 Walnut Street, Suite 2000
Des Moines, IA  50309-3989
Telephone:   (515) 283-4645
Facsimile:   (515) 558-0645
E-mail:   mrreck@belinmccormick.com
kjknowles@belinmccormick.com
efcartmill@belinmccormick.com
ATTORNEYS FOR DEFENDANT VIRGIN MOBILE

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on  December 31 , 2015, by

☑ Electronic Filing System     ☑ Other  U.S. Mail

Calvin Hammock
5106 Brown Street
Davenport, IA  52806
*Pro Se Plaintiff*
(via U.S. Mail)

NASA Headquarters
Charles Bolden Administrator
300 E. Street SW
Washington, DC  20024-3210
(via U.S. Mail)

Department of Defense
Secretary of Defense
1000 Defense Pentagon
Washington, DC  20301-1000
(via U.S. Mail)

Philip A. Burian
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA  52401
*Attorneys for Apple, Inc.*
(via Electronic Filing System)

Terri L. Combs
Faegre Baker Daniels, LLP
801 Grand Avenue
33rd Floor
Des Moines, IA  50309
*Attorneys for MCC Iowa, LLC d/b/a Mediacom*
(via Electronic Filing System)

Christopher Cardaci
1030 15th Street NW, Suite 220E
Washington, DC  20005
*Attorney for Space Exploration Technologies Space X*
(via U.S. Mail)

Mark E. Weinhardt
Todd M. Lantz
Weinhardt & Logan, P.C.
2600 Grand Avenue, Suite 450
Des Moines, IA  50312
*Attorneys for Defendant Blackberry (Curve) Corporation*
(via Electronic Filing System)

American Water Iowa
1025 Laurel Oak Road
Vorhees, NJ  08043
(via U.S. Mail)

Signature: *[signed] Shannon Olson*

N0320\0015\ (02320437).DOC