IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| CALVIN HAMMOCK,<br><br>    Plaintiff,<br><br>v.<br><br>NASA HEADQUARTERS; et al.,<br><br>    Defendants. | Case No. 3:15-cv-00111-JAJ-CFB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BLACKBERRY CORPORATION'S MOTION TO QUASH SERVICE AND RESISTANCE TO MOTION FOR DEFAULT JUDGMENT** |

BlackBerry Corporation submits this Memorandum of Law in Support of its Motion to Quash Service and Resistance to Plaintiff's Motion for Default Judgment.

## INTRODUCTION AND BACKGROUND

Plaintiff Calvin Hammock failed to effectuate service of his frivolous lawsuit on Defendant BlackBerry Corporation ("BlackBerry") in accordance with the Federal Rules of Civil Procedure or applicable state law. Accordingly, this Court should quash the purported service on BlackBerry and deny Plaintiff's Motion for Default Judgment. In the alternative, even if service was effective, the Court should deny Plaintiff's Motion for Default Judgment and grant a reasonable extension of the deadline for BlackBerry to file a responsive pleading.

According to an Affidavit of Service filed on December 9, 2015, Mr. Hammock attempted to effectuate service through a third party (Stephen Hutson) by leaving a copy of the Summons, Complaint, and related documents with a receptionist named Bettyna Marnon at one of BlackBerry's U.S. offices located at 6700 Koll Center Parkway,

Pleasanton, CA 94566. Mr. Hammock did not attempt to serve BlackBerry's registered agent, and Ms. Marnon is not an agent authorized to accept service on behalf of BlackBerry. (Marnon Aff., attached hereto.)

## ARGUMENT

I.  **PLAINTIFF'S ATTEMPTED SERVICE DID NOT MEET FEDERAL OR STATE-LAW REQUIREMENTS.**

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint, e.g., summons served upon someone not authorized by appointment or by law to receive service of process." *Sheely v. Gear/tronics Indus. Inc.*, 2015 WL 4958083, at *2 (E.D. Mo. Aug. 19, 2015).

Service on a corporation within the United States is governed by Federal Rule of Civil Procedure 4(h)(1), which provides:

> ***Serving a Corporation, Partnership, or Association.*** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1), incorporated above, permits service in a manner allowed by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Even setting aside the fact that Plaintiff's Affidavit of Service purports to effect service on a non-existent entity—"Blackberry (Curve) Corporation"—Plaintiff's service on receptionist Bettyna Marnon was not effective service under either the federal standard or the incorporated state law standards. Even a cursory factual analysis of Ms. Marnon's role within BlackBerry demonstrates she plainly was not a person suitable to receive service. *See Zond, LLC v. Fujitsu Semiconductor Ltd.*, 53 F. Supp. 3d 394, 397 (D. Mass. 2014) ("Whether an individual is a suitable agent to receive service 'depends on a factual analysis of that person's authority within the organization.'" (quoting *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)).

Ms. Marnon was a receptionist-in-training when the process server arrived on November 18, 2015. Ms. Marnon did not believe she was authorized to accept service, and that was confirmed after the lawsuit eventually made its way to the legal department at BlackBerry. (*See* Bettyna Marnon Aff.)

"[M]any courts have hesitated to accept service on a receptionist in the absence of … factual indicia" that the receptionist was the only employee then present at the defendant company's small office and he or she was "so integrated with the office that he [or she] would know to whom to give papers." *Zond*, 53 F. Supp. 3d at 397 (quotation omitted, collecting cases). Indeed, other federal courts have held that service is insufficient where a process server delivers a copy of a complaint and summons to a receptionist of a large corporation without advising the receptionist that he was there to effect service on the company. *Bender v. Nat'l Semiconductor Corp.*, 2009 WL 2912522,

at *3 (N.D. Cal. Sept. 9, 2009); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 2009 WL 4258550, at *2-3 (N.D. Cal. Nov. 24, 2009).

The facts here closely align with the facts in cases where service was determined to be insufficient. There is no indication that Ms. Marnon had an integral role in BlackBerry. The BlackBerry where she works, notably, has approximately 86 employees, many of whom were present on November 18, 2015. Ms. Marnon, like the person who received service in *Zond*, "was a receptionist located in a main lobby of a large office complex, not an assistant to [a person authorized to accept service] or the only employee present on site." 53 F. Supp. 3d at 398. As such, serving Ms. Marnon with the complaint and summons was insufficient service under the Federal Rules of Civil Procedure.

Nor was service effective under any applicable state law. California Code of Civil Procedure authorizes service on a corporation by delivering a copy to "the designated agent for service of process," or to "the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code of Civ. P. § 416.10. Ms. Marnon fits in none of these categories. Notably, BlackBerry does have a registered agent for service of process, and service on that registered agent would have been proper under California law.[1]

---

[1] Plaintiff here, unlike the plaintiff in *Zond*, cannot rely on the so-called "substitute service" procedure, because Plaintiff did not follow up the delivery to Ms. Marnon by "mailing a copy of the summons and complaint .... to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. P. Code § 415.20(a).

Arguably, Rule 4(e)(1) could be interpreted to allow service as permitted by Iowa law, since this action is venued in the Southern District of Iowa. That would not help the Plaintiff, however, because under Iowa law a foreign corporation, such as BlackBerry, can be served either through a registered agent or "by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office shown in its application for certificate of authority or in its most recent biennial report." Iowa Code § 490.1510(2). Ms. Marnon does not qualify under that statute as an authorized recipient, and Plaintiff did not send the complaint and summons in the required manner.[2]

Given that service of process of the complaint and summons on BlackBerry was ineffective, this Court should, at minimum, quash the service represented by docket entry number 13. *Sheely*, 2015 WL 4958083, at *3 ("If service of process is ineffective, 'the district court has discretion to either dismiss the action, or quash service but retain the case.'" (quoting *Marshall v. Warwick*, 155 F.3d 1027, 1032-33 (8th Cir. 1998)); *see also Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 681 (N.D. Iowa 1995) ("[T]he 'general rule' is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the

---

Additionally, there is no indication that Ms. Marnon was "apparently in charge of" the reception desk at BlackBerry. *Id*.

[2] Iowa's procedural rules also permit service in a manner essentially identical to the federal rules. *See* Iowa R. Civ. P. 1.305(6). Service was defective under Iowa's rules for the same reason that it was defective under the federal standard.

defendant.' However, dismissal may be proper without opportunity to cure where proper service would be futile." (citation omitted)).

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IS VOID.

Insufficient service deprives the court of jurisdiction. *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 19993). Unless the defective service is waived, this Court is void of jurisdiction to issue a judgment against BlackBerry—even if BlackBerry has actual notice of the lawsuit. *Montgomery v. Pinnacle Credit Servs.*, 2014 WL 3734251, at *2 (D. Minn. July 28, 2014); *see also Cambria Co. v. Pental Granite & Marble, Inc.*, 2013 WL 1249216, at *9 (D. Minn. Mar. 27, 2013) ("[I]nsufficient service is a proper basis for voiding an entry of default *sua sponte* because it deprives a court of proper jurisdiction."). Due to lack of effective service, it plainly follows that Plaintiff's Motion for Default Judgment against BlackBerry must be denied. *See Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) ("In the absence of valid service of process, proceedings against a party are void.").

## III. IN THE ALTERNATIVE, THE COURT SHOULD GRANT AN EXTENSION FOR BLACKBERRY TO FILE A RESPONSIVE PLEADING.

Even if the Court finds that service was legally appropriate, the Court should nonetheless deny Plaintiff's Motion for Default Judgment. Contrary to Plaintiff's suggestion, entry of a default judgment is not automatic. The Court must exercise discretion in determining whether a default judgment should be entered. *See* Mary Kay Kane, 10A *Federal Practice & Procedure* § 2685 (3d ed.).

Several factors warrant a brief extension of BlackBerry's deadline to file a responsive pleading, even if the defective service issue is overcome. First, BlackBerry has a great explanation for its delay in filing a responsive pleading. Plaintiff named the wrong party, a non-existent entity, as a defendant, and BlackBerry reasonably believed that it had not been properly served in any event. Second, the length of the delay has been very short, and no discovery has begun. Thus, the prejudice to Plaintiff from a brief extension would be minimal. Third, the potential prejudice to BlackBerry is significant because the Plaintiff's claims are outrageous, bizarre, and plainly barred by all applicable statutes of limitation. A default judgment would deprive BlackBerry of simple and meritorious defenses.[3]

Finally, even if the Court were interested in entering a default judgment on Plaintiff's astonishing claims, there is no basis for awarding any damages against BlackBerry in this case. The Plaintiff cannot plausibly substantiate his ridiculous demand for $100,000,000. *See* Fed. R. Civ. P. 55(b)(2).

## CONCLUSION

BlackBerry respectfully requests that the Court grant its Motion to Quash the purported service of process by entering an order that the service was defective and void. BlackBerry further requests that the Court deny Plaintiff's Motion for Default Judgment. In the alternative, BlackBerry requests that the Court extend the deadline to file a responsive pleading to the Complaint until twenty days from the Court's order.

---

[3] Other defendants have already raised these defenses. *See, e.g.*, Dkt. No. 9, 11, 19.

WEINHARDT & LOGAN, P.C.

By _____

Mark E. Weinhardt      AT0008280
Todd M. Lantz      AT0010162

2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
E-mail: mweinhardt@weinhardtlogan.com
   tlantz@weinhardtlogan.com

ATTORNEYS FOR DEFENDANT
BLACKBERRY CORPORATION

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action electronically via CM/ECF and by serving a copy upon the parties below via U.S. Mail on _____, 2015:

Calvin Hammock
5106 Brown Street
Davenport, IA 52806

Space Exploration Technologies Space X
c/o Christopher Cardaci
1030 - 15th Street NW
Suite 220E
Washington DC 20005

Signature: _____