**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| CALVIN HAMMOCK, <br><br> Plaintiff, <br><br> v. <br><br> NASA HEADQUARTERS, DEPARTMENT OF DEFENSE, SPACE EXPLORATION TECHNOLOGIES SPACE X, APPLE, BLACKBERRY (CURVE) CORPORATION, VIRGIN MOBILE, MEDIACOM WIFI, AMERICAN WATER IOWA, ANY YET UN-IDENTIFIED ENTITIES, PERSONS, SATELLITES, GOVT. AGENCIES, GOVT. TECHNOLOGIES, INTER AGENCIES, FUSION CENTER PARTICIPANT PARTNERS CORPORATIONS, COMPANIES, SOFTWARE USED BY AND WITH STATE ACTORS AND TEMPORARY STATE ACTORS, <br><br> Defendants. | Case No. 3:15-cv-00111-CRW-CFB <br><br><br> **IOWA-AMERICAN WATER COMPANY'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

Comes now Defendant Iowa-American Water Company ("Iowa-American Water") -- incorrectly identified as "American Water Iowa" in the Summons and Complaint-- by and through its undersigned counsel, and hereby respectfully submits its Brief in Support of its Motion to Dismiss Plaintiff Calvin Hammock's ("Plaintiff") Complaint with Jury Demand against Defendant Iowa-American Water.

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff Calvin Hammock filed a Complaint against NASA, the Department of Defense, Space X, Apple, Blackberry, Virgin Mobile, Mediacom, and the movant, Iowa-American Water. Plaintiff's Complaint alleges that Defendant Iowa-American Water owed Plaintiff a "duty of care to not allow pain vibration signals and frequencies through magnetic fields generated by these products to Plaintiffs [sic] cerebellum during a NASA Space X partnership spacecraft liftoff." Plaintiff claims that Iowa-American Water "breached that duty of care." Complaint ¶ 33. Dismissal of Plaintiff's claims against Iowa-American Water is appropriate for many reasons, any one of which would independently provide sufficient basis for dismissal.

First, Plaintiff's Complaint contains no factual allegation that Iowa-American Water acted under color of state law and the Complaint should be dismissed against Iowa-American Water because Iowa-American Water is not a proper party pursuant to 42 U.S.C. § 1983. Second, Plaintiff's 42 U.S.C. § 1985 claim must fail because Plaintiff failed to allege credible facts from which one might find that Iowa-American Water conspired to violate Plaintiff's civil rights or that it showed discriminatory intent. Third, dismissal of Plaintiff's claims against Iowa-American Water is appropriate because the two-year statute of limitations applied in Iowa for Plaintiff's claims has expired as the first alleged injury occurred on May 22, 2012. Fourth, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) as Plaintiff's Complaint fails to allege any facts supporting Plaintiff's contention that Iowa-American Water owed him a duty of care and such alleged duty was breached. Fifth, the Complaint fails because the Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because the allegations are fantastical.

## II.   STATEMENT OF ALLEGED FACTS

While the factual basis for Plaintiff's Complaint is unclear, it appears from Plaintiff's Complaint that he alleges a breach of duty by Iowa-American Water for an alleged personal injury from an event that occurred on or about May 22, 2012.  Complaint ¶ 12.  Plaintiff alleges he was watching the launch of the NASA Space X Falcon Engine Dragon on his computer when he "felt the back of his cerebellum vibrate for 15-25 seconds as a pain sensation that Plaintiff has not felt since that exact pain sensation although there have been similar frequency sensations dealing with Plaintiffs [sic] head." Complaint ¶ 12-13.  Plaintiff's Complaint seems to imply that the alleged sensations were ostensibly caused by Iowa-American Water having allowed its products to be used to "manipulate Plaintiffs [sic] nervous system and send pain vibration signals and frequencies through magnetic fields generated by these products to Plaintiffs [sic] cerebellum." Complaint ¶ 33.

## III.   STANDARD FOR MOTION TO DISMISS

Rule 8(a)(2) of the Federal Rules of Civil Procedure demands that a complaint contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint if it fails to state a claim upon which relief may be granted. To withstand a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007).

A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S., at 555 (quoting *Papasan v Allain*, 478 U.S. 265, 286 (1986)). The Supreme Court has explained that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678,

(quoting *Twombly*, 550 U.S. at 555, 557). *See also Freitas v. Wells Fargo Home Mortg., Inc*., 703 F.3d 436, 438 (8th Cir. 2013); *Retro TV Network, Inc. v. Luken Commc'n., LLC*, 696 F.3d 766, 768 -769 (8th Cir. 2012).

Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the count to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Ritchie v. St. Louis Jewish Light,* 630 F.3d 713, 717 (8th Cir. 2011).

Dismissal is proper where Plaintiff's Complaint lacks subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because it is patently insubstantial. *Nietzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989).  Federal courts are without jurisdiction where a claim is "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 1379, 39 L.Ed.2d 577 (1974).

Applying these standards, this Court should dismiss the Complaint as it does not seek relief within the jurisdiction of the Court to provide and is inconsistent with applicable federal and state legal precedent.

## IV.   LEGAL ARGUMENT

### A.  DEFENDANT DID NOT ACT UNDER COLOR OF STATE LAW

Section 1983 provides a civil cause of action against any person who, under color of state law, causes a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).  The Eighth Circuit has provided guidance on the color of state law element of

Section 1983 holding that it "excludes from its reach merely private conduct, no matter how discriminatory or wrongful.  To be liable under §1983, the claimed deprivation must result from the exercise of a right or privilege having its source in state authority, and the party charged with the deprivation must be one appropriately characterized as [a] state actor[ ]." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008).  The Eighth Circuit requires "joint action or conspiracy with state authorities" in order to find a private party liable as a state actor. *Id.* at 651.

In this case, there are no allegations that Iowa-American Water is operated by any governmental entity and the Complaint provides nothing to suggest that Iowa-American Water is anything other than a private sector water service provider.  In fact, Iowa-American Water is a wholly-owned subsidiary of American Water Works Company, Inc. (AWK), which is publicly traded on the New York Stock Exchange.  "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis County, Mo.,* 447 F.3d 569 (8th Cir. 2006) (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 452, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)).  Plaintiff's Complaint fails to state sufficient material facts to show the existence and scope of a conspiracy.  *See Alberston v. City of Newton,* No. CIV. 4-92-70003, 1999 WL 309879, at *1 (S.D. Iowa June 4, 1992). Plaintiff does not even allege a conspiracy existed, rather, he merely alleged that signals were sent though various corporate Defendants' electronic devices.  Complaint ¶ 31-34.

The Complaint should be dismissed because Iowa-American Water is not a proper defendant under Section 1983 and there are no factual allegations of conspiracy between Iowa-American Water and a state actor to meet the factual basis standard required to subject a private entity to a Section 1983 claim.

**B.  DEFENDANT DID NOT CONSPIRE AGAINST PLAINTIFF OR EXHIBIT DISCRIMINATORY MOTIVE**

Plaintiff's Complaint does not allege facts sufficient to state a claim under 42 U.S.C. § 1985. In order to survive a motion to dismiss, a plaintiff alleging a Section 1985 civil rights claim, the plaintiff must allege "(1) a conspiracy, (2) for the purpose of depriving [the plaintiff] of the equal protection either directly or indirectly of her civil rights; (3) that a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right."  *Federer v. Gephardt,* 363 F.3d 754, 757-58 (8th Cir. 2004) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). S*ee also, Crutcher-Sanchez v. Cty. of Dakota,* 687 F.3d 979, 987 (8th Cir. 2012); and *Bailiff v. Adams Cty. Conference Bd.,* 54 F.Supp.2d 923, 926 (S.D. Iowa 1999).

Plaintiff has failed to allege any facts to support a plausible finding that Iowa-American Water was involved in a conspiracy.  To assert a conspiracy existed, Plaintiff is required to point to "at least some facts which would suggest that [the Defendants] reached an understanding to violate [the Plaintiff's] rights." *Jensen v. Henderson,* 315 F.3d 854, 862-63 (8th Cir. 2002). The Complaint fails to meet this standard.  Instead, it only alleges that signals were sent through Defendants' electronic devices.   Complaint ¶¶ 31-34.   Even if accepted as true, Plaintiff's assertions do not provide "evidence of specific facts that show a 'meeting of the minds' among conspirators"  such that a conspiracy claim would survive a motion to dismiss.  *See Crutcher-Sanchez,*  687 F.3d at 987.

The Complaint must also fail as a matter of law because there is no credible allegation of a class-based discriminatory motive.  A claim under Section 1985 requires proof of a "class-based animus." *Federer,* 363 F.3d at 758.  The Plaintiff's allegations that signals were sent from Defendants' electronic devices do not support a finding that Iowa-American Water conspired to

deprive him of a federal right or that the alleged acts contain any discriminatory motive. Accordingly, the Complaint should be dismissed.

### C. THE STATUTE OF LIMITATIONS FOR PLAINTIFF'S CLAIM HAS EXPIRED

Plaintiff's claims are time-barred because, as of May 22, 2012, Plaintiff had knowledge of the facts that he believes support his claim when an alleged "vibratory pain, and microwave voice harassment" occurred in his cerebellum while he watched the liftoff of the Space X Falcon Engine Space from his computer.  Complaint ¶ 12-13.  The statute of limitations begins tolling on the date the "plaintiff knows or has reason to know of the injury which is the basis of the action." *Lopatka v. City of Iowa City,* No. 12-1179, 2013 WL 3822103, at *1 (8th Cir. July 24, 2013) (ruling the plaintiff had "actual knowledge of the facts that would support a cause of action" on the date of injury); *Thompson v. Estate of Herron,* 612 N.W.2d 798, 800 (Iowa 2000) (finding Iowa Code § 614.1(2) applied in that case and measured the two-year limitations period from the date the injury occurred).  Plaintiff had two years to investigate the alleged injury and file suit.  *See Nicodemus v. Milwaukee Mut. Ins. Co.,* 612 N.W.2d 785, 788 (Iowa 2000). Plaintiff failed to bring his claim until October 16, 2015, well after the two-year deadline of May 22, 2014.  A dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) "when it appears from the face of the complaint itself that the limitation period has run." *See Varner v. Peterson Farms,* 371 F.3d 1011, 1016 (8th Cir. 2004).  The applicable statute of limitations period for Plaintiff's claims can be found under Iowa Code § 614.12, and in this case, the statutory two-year period has clearly expired, consequently Plaintiff's Complaint must be dismissed.

Additionally, Plaintiff asserts civil rights claims under Sections 1983 and 1985, neither section provides a statute of limitations. *See* 42 U.S.C. §§ 1983, 1985.  The statute of limitations periods for civil rights actions under those statutes are drawn from the limitation on personal

injury torts for the state in which the claim is brought.  *See, e.g., Heimeshoff v. Hartford Life & Acc. Ins. Co.,* 134 S.Ct. 604, 616 (2013) ("[I]n § 1983 actions a state statute of limitations and the coordinate tolling rules are binding rules of law.") *See also Wilson v. Garcia,* 471 U.S. 261, 276 (1985) (holding that for statute of limitation purposes, a Section 1983 claim is best characterized as a personal injury tort).  Accordingly, the two-year limitations period found in Iowa Code § 614.12, and as applied to Plaintiff's Section 1983 and 1985, expired on May 22, 2014 making Plaintiff's claims untimely and appropriate for dismissal.

### D.  PLAINTIFF'S CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A court can dismiss a claim under Fed. R. Civ. P. 12(b)(6) where the plaintiff's complaint fails to include sufficient facts to "state a claim that is plausible on its face." *Iqbal* 556 U.S. at 678; *Twombly.* 550 U.S. at 569.  In making its determination on a motion to dismiss, the court must accept all of the factual allegations in the Complaint as true. *Id.* at 555.  Even if Plaintiff's allegations were viewed as true, his claim against Iowa-American Water for breach of duty for allowing signals to be sent to Plaintiff (Complaint ¶¶ 31-33) fails to plead how Iowa-American Water had a duty to Plaintiff and how the alleged existence of wifi frequencies, wireless products, smart-meters, monitors, cellular signals, satellite technologies and other technologies in connection with Defendants' could have possibly constituted a breach of that duty.  Personal injury tort actions must allege a breach of duty and where a plaintiff fails to sufficiently plead the basis of the tort claim, the court is justified in granting a motion to dismiss.  *McCleodUSA Telecommunications Servs. Inc. v. Qwest Corp.*, 469 F.Supp.2d 677, 710 (N.D. 2007); *Aetna Cas. & Sur. Co. v. Leo A. Daly Co.,* 870 F.Supp. 925, 934 (S.D. Iowa 1994).

On a motion to dismiss, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555.  Plaintiff's Complaint is devoid of

any factual allegations supporting Plaintiff's conclusions that Iowa-American Water owed him a duty of care to stop allowing signals to be sent through certain electronic devices or that the alleged breach of duty caused any injury to Plaintiff. The mere assertion of a breach of duty is insufficient to support a finding that Iowa-American Water committed such breach. Therefore, Plaintiff's Complaint should be dismissed.

### E. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Courts may grant a motion to dismiss for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) where the complaint is patently insubstantial. *Nietzke*, 490 U.S. at 327. Federal courts are without authority to entertain a claim that is "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, or obviously frivolous." *Hagans,* 415 U.S. at 536-37. Plaintiff's allegations constitute the type of nonsensical claims that are routinely dismissed for lack of subject matter jurisdiction. *See, e.g. Watkins v. Fed. Bureau of Invest.,* 2015 WL 339584 (W.D. Ky. 2015) (dismissing the plaintiff's claims for lack of subject matter jurisdiction where complaint was based on "bizarre, fantastic, and delusional and disjointed thoughts").

The Complaint alleges that NASA and Space X sent an electromagnetic beam and "pain waves" to Plaintiff during a rocket launch that took place in Florida while he watched the liftoff from his laptop in his basement in Iowa and that "Directed Energy Weapons" sent pain signals through Defendants' electronic devices that hit his cerebellum, thereby manipulating his nervous system and causing his brain to "vibrate for 15 to 20 seconds." Complaint ¶¶ 12-13. Plaintiff's Complaint against Iowa-American Water is devoid of any credible allegations and is based on fantastical allegations which are the sort of fanciful and fictitious claims that warrant dismissal for lack of subject matter jurisdiction under Fed. R. of Civ. P. 12(b)(1).

## V.        CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant Iowa-American Water Company therefore respectfully moves this Court to dismiss the Complaint against Iowa-American Water Company with prejudice at Plaintiff's cost in accordance with Rules 8, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, and grant other relief that the Court deems just and proper.


Date: January 11, 2016

Respectfully Submitted,

SULLIVAN & WARD, P.C.

*/s/ Amanda A. James*
*/s/ Dennis Puckett*
Amanda A. James AT0009824
Dennis Puckett AT0006476
Sullivan & Ward, P.C.
6601 Westown Parkway, Suite 200
West Des Moines IA 50266-7733
Telephone:  515-244-3500
Fax:  515-244-3599
Email:  dpuckett@sullivan-ward.com
              ajames@sullivan-ward.com
**ATTORNEYS FOR DEFENDANT
IOWA-AMERICAN WATER CO.**