IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| CALVIN HAMMOCK,<br><br>        Plaintiff,<br><br>vs.<br><br>NASA HEADQUARTERS, et al.,<br><br>        Defendants. | No. 3:15cv0111-JAJ<br><br><br><br><br>**ORDER** |

      This matter comes before the court pursuant to motions to dismiss filed on December 8, 2015 by defendant Virgin Mobile [Dkt. 9], on December 8, 2015 by defendant Apple [Dkt. 11], on December 10, 2015 by defendant Mediacom [Dkt. 19], on December 17, 2015 by defendant Space Exploration Technologies X [Dkt. 21], on January 11, 2016 by defendant American Water Iowa [Dkt. 46] and the Motion to Quash Service of Process filed January 6, 2016 by Blackberry (Curve) Corporation [Dkt. 45]. These motions are granted. All other pending motions are denied as moot.

      Plaintiff's complaint alleges that on May 22, 2012, he was in the basement of his home watching the NASA Space X Falcon Engine Dragon lift off on his Apple Macbook Pro laptop while using Mediacom Wifi network and while plaintiff's Blackberry Curve cellular telephone was on using the Virgin Mobile wireless network and with an Iowa American Water smart meter wireless network on. "During liftoff, plaintiff felt the back of his cerebellum vibrate for fifteen to twenty-five seconds as a pain sensation that plaintiff has not felt since that exact pain sensation although there have been similar frequency sensations dealing with plaintiff's head." The plaintiff further alleges that since the injury of that vibration to plaintiff's cerebellum, plaintiff has felt pain shocks to the body in the areas of anus, testicles, side of rib cage, heart vibrations, chest, and head as some sort of microwave maser harassment and targeting by directed energy weapons. See Complaint, [Dkt. 1 at ¶¶ 12-14].

      The defendants move to dismiss for various reasons including failure to state a claim upon which relief can be granted, violation of the statute of limitations, failure to

demonstrate that non-government defendants are "state actors" within the meaning of 42 U.S.C. § 1983, and lack of allegations concerning a discriminatory motive pursuant ot 42 U.S.C. § 1985. The court grants the motions to dismiss and to quash for each of the reasons cited by the defendants. At its core, this complaint fails to include sufficient facts to state a claim for relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). The non-governmental entities sued in this matter are not state actors for purposes of 42 U.S.C. § 1983. The complaint was not filed within the statute of limitations.

Upon the foregoing,

**IT IS ORDERED** that the pending motions to dismiss and to quash service of process are all granted. All other pending motions are denied as moot. The clerk shall enter judgment in favor of the defendants and against the plaintiff.

**DATED** this 13th day of January, 2016.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA